388 So.2d 806 (1980)
STATE ex rel. Richard S. HALVORSEN
v.
Frank BLACKBURN, Warden, Louisiana State Penitentiary.
No. 67159.
Supreme Court of Louisiana.
September 10, 1980.
Joseph Maselli, Jr., New Orleans, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for defendant-respondent.
PER CURIAM.
Relator Richard S. Halvorsen was charged by bill of information with fifteen counts of aggravated crime against nature, La.R.S. 14:89.1, and multiple counts of conspiracy to commit aggravated rape and aggravated crime against nature, La.R.S. 14:26 (14:89.1 and 14:42). On May 11, 1977, pursuant to a plea bargain, relator pleaded guilty to eleven of the fifteen counts of aggravated crime against nature (nos. 1-6, 8, 9, 11, 13 and 15), whereupon the state entered a nolle prosequi as to the remaining charges. On August 19, 1977, the trial court sentenced relator to serve ten years at hard labor on counts, 1, 4, 15, with the sentences to run consecutively, and five years on each of the remaining counts, with the sentences to run concurrently with each other and those imposed on counts 1, 4 and 15.
Subsequently, by petition for a writ of habeas corpus, relator urged the district *807 court to set aside his guilty pleas to counts 1 and 15, claiming that the indictments on those counts failed to charge offenses punishable by law and that therefore his pleas had not been understandingly made. Those contentions, rejected by the trial court, have been resubmitted to us. We granted writs to consider relator's claims with regard to count 1 only.
The indictment at issue charged unnatural carnal copulation with a juvenile, committed by relator's "plac[ing] his penis in the area of the [juvenile's] anus ..." (emphasis supplied). Omitted from the express terms of the indictment was any allegation that there had occurred penetration, an essential element of anal-genital crime against nature. See, State v. Phillips, 365 So.2d 1304 (La.1978). Without notice of that element, relator asserted, he was inadequately informed of the nature of the charge to which he pleaded guilty.
We have said that a defendant may not complain of the insufficiency of the indictment after conviction if the offense charged has actually been identified and no prejudice has resulted from a lack of notice. State v. Gainey, 376 So.2d 1240 (La.1979); State v. Murray, 357 So.2d 1121 (La.1978); State v. Pichler, 355 So.2d 1302 (La.1978); State v. James, 305 So.2d 514 (La.1974). In determining whether the defense has been unduly surprised or prejudiced, we have looked to the availability of pretrial discovery procedures that permit the clarification of a vague indictment and to a degree, we have held the defense responsible for seeking clarification. Id. That approach has only been taken, however, in the review of post-trial attacks on the sufficiency of an indictment, where our concern has been for the ability of the defense to prepare for trial on the notice provided for the admission at trial of evidence pertinent to the charge and for the compilation of a record that protects the defendant against double jeopardy. See, State v. Gainey, supra, and State v. James, supra.
A challenge to the sufficiency of an indictment following conviction by a plea of guilty stands on a far different footing: there has been no determination of the accused's guilt by a judge or jury; rather, the accused stands convicted by his admission of guilt. If that admission did not encompass every element of the crime, the guilty plea cannot be considered voluntary in the constitutional sense. As the United States Supreme Court declared in Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257-2258, 49 L.Ed.2d 108 (1976), "[a]nd clearly [a plea cannot] be voluntary in the sense that it constitute[s] an intelligent admission that he committed the offense unless the defendant receive[s] `real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" (citation omitted).
Notice was not adequately provided here by the bill of information that omitted an essential element of the crime, penetration. Nor was the gap filled in the recorded plea colloquy, during which relator was simply asked, "Do you know what you are pleading guilty to," and "Are you familiar with the allegations and charges in the bill of information?" Nor did relator recite or acquiesce in any statement of facts necessarily implying that penetration had occurred. On the present record, then, we cannot conclude that relator's plea was entered with complete understanding of the charge, i. e., voluntarily.
We are not prepared, however, to set aside the plea solely on the lack of an affirmative record regarding notice of the nature of the crime. Although the preferred procedure would be for the trial judge to explain the elements of the crime before accepting the plea, the due process requirement of notice may be satisfied by an explanation from another source, e. g., defense counsel. Accordingly, we remand the case to the district court for an evidentiary hearing in which relator will bear the burden of proving that he did not receive actual notice of the nature of the crime to which he pleaded guilty.
Should relator satisfy that burden, the plea must be set aside. We do not at this *808 stage of the proceedings reach the question whether the entire plea bargain might be nullified by the vacating of this plea.
REMANDED.