PLOTKIN, Judge.
On remand from the Louisiana Supreme Court, 596 So.2d 536, we are called upon to examine the constitutionality of La.R.S. 14:130.1. Defendant asserts that much of the phraseology used in the statute is unconstitutionally vague, inhibiting persons of reasonable intelligence from discerning its meaning. We disagree.
Defendant complains about the following portion of R.S. 14:130.1:
A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as hereinafter described: (1) Tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal, or addition of any object or substance either:
(a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by State, local, or United States law enforcement officers; or
(b) At the location of storage, transfer, or place of review of any such evidence.
. No cases have dealt with the constitutionality of this statute, which was enacted in 1984 and became effective in January of 1985.
In State v. Pierre, 500 So.2d 382, 384 (La.1987), the Supreme Court stated:
A criminal statute is unconstitutionally vague if it does not give individuals adequate notice that certain conduct is proscribed and punishable by law, and if it does not provide adequate standards for those charged with determining the accused’s guilt or innocence. State v. Union Tank Car Co., 439 So.2d 377 (La.1983); State v. Dousay, 378 So.2d 414 (La.1979). A penal statute must describe unlawful conduct with sufficient particularity and clarity that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Davis, 448 So.2d 645 (La.1984); State v. Union Tank Car Co., supra; State v. Dousay, supra; State v. Pugh, 369 So.2d 1308 (La.1979). In determining the meaning of a statute and hence its constitutionality, penal statutes must be “given a genuine construction, according to the fair import of their usual sense, in connection with the context, and with reference to the purpose of the provision.” R.S. 14:3; State v. Peacock, 461 So.2d 1040 (La.1984).
Defendant claims that the term “affect” is vague because the term presumes an adverse effect and is not modified by the necessary adverbs to clarify the statute’s intent and the behavior the statute proscribes. He argues that the statute proscribes acts that will positively affect a criminal proceeding. This argument is meritless because it construes “affect” out of context and overlooks the fact that Subsection (1) requires that an offender act with “the specific intent of distorting the results of any criminal investigation or proceeding.” (Emphasis added.) Because the intent must be to distort the results, the term “affect” is sufficiently modified to make clear that the effect is adverse.
Defendant also contends that the phrase “actual or potential present, past, or future” with reference to criminal proceedings is vague because it sets an impermissi-bly large net which leaves it to the court to decide who is an offender and who is not. He argues that there is no way of predicting what may become a “future” or “potential” criminal proceeding. This argument is without merit because knowledge that the act of obstruction will affect a potential or future criminal proceeding is one of the elements of the offense which the State must prove. Compare State v. Azar, 539 So.2d 1222 (La.1989) cert denied Azar v. Louisiana, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989); State v. Pierre, supra.
*759 Defendant further argues that the term “criminal proceeding” is vague in that reasonable persons of ordinary intelligence would differ concerning its meaning. Again, defendant is reading isolated terms of the statute out of context and without reference to other pertinent portions of LSA-R.S. 14:130.1. Subsection A(l), the specific provision which defendant was charged with violating, refers to both criminal investigations and proceedings. The term is not vague since it clearly encompasses action both by law enforcement personnel and judicial authorities.
Defendant’s main argument on vagueness centers on the phrases “reasonably may” and “which may prove reasonably relevant to.” He argues that these phrases have no commonly accepted or recognized meaning because people differ as to what is reasonable and what is relevant. Although the term “reasonable” may be the subject of some dispute, this does not make its use in a criminal statute unconstitutional. “Reasonable” has been used in a variety of legal contexts, most notably in the term “reasonable doubt” the use of which is not open to dispute. The question of whether conduct is “reasonable” is routinely presented to juries in a wide variety of cases. As to the use of “relevant,” there is nothing to show that a reasonable person of ordinary intelligence would be incapable of discerning its meaning. Someone would not tamper with evidence with the intent to distort a criminal investigation or proceeding unless they believed that evidence was relevant to the investigation or proceeding. Thus, we find, LSA-R.S. 14:130.1 is not unconstitutionally vague.
Accordingly, the defendant’s conviction is affirmed.
AFFIRMED.