610 So.2d 1014 (1992)
STATE of Louisiana
v.
Geraldine JONES.
No. 91 KA 1966.
Court of Appeal of Louisiana, First Circuit.
November 25, 1992.
*1015 Michael M. Distefano, Dist. Atty., Iberville, Plaquemine, for appellee State.
C. Jerome D'Aquilla, New Roads, for appellant.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
SHORTESS, Judge.
Geraldine Jones (defendant) was indicted for obstruction of justice by tampering with evidence. LSA-R.S. 14:130.1(A)(1). She pled guilty as charged. Before sentencing, she filed a motion to withdraw her guilty plea. After hearing defendant's testimony, the trial court denied the motion. The court sentenced defendant to serve a term of ten years imprisonment at hard labor. She has appealed, urging two assignments of error.
Because defendant pled guilty, the facts of the offense were not fully developed. After defendant's son murdered Louis Tillman, Jr., at her home, defendant tampered with the evidence. According to the prosecutor, defendant cleaned up the victim's blood before calling the police. She also told people at her house not to tell the police anything but that she would fabricate a story for the police. When the police arrived, defendant gave conflicting statements. In one statement, she claimed she committed the murder. In another statement, she said her son committed the murder. After defendant's guilty plea, her son was found guilty of second degree murder.
DENIAL OF MOTION TO WITHDRAW GUILTY PLEA
Defendant contends the trial court erred when it denied the motion to withdraw her guilty plea. She asserts her plea was involuntary because she pled only after her attorney told her the sentence she would receive would be one year with credit for time served, but that she would be "looking at" thirty years if she went to trial. Defendant also claims the trial court did not adequately advise her of her constitutional rights when she pled guilty nor did it ascertain if she understood her rights.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. LSA-C.Cr.P. art. 559(A). The court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Greer, 572 So.2d 1166, 1168-69 (La.App. 1st Cir.1990).
Before accepting a guilty plea, the trial court must be satisfied the defendant is entering the plea knowingly and voluntarily with full understanding of the true nature of the charge against him. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). See also State v. Hall, 537 So.2d 321, 322 (La.App. 1st Cir.1988); State v. White, 517 So.2d 461, 462 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1184 (La.1988). As the United States Supreme Court reminded in Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257-58, 49 L.Ed.2d 108 (1976), a plea cannot be voluntary in the sense it constitutes an intelligent admission that the defendant committed the offense unless the defendant receives "`real notice of the true nature of the charge against *1016 him, the first and most universally recognized requirement of due process.'" (quoting Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574 (1941)). See also State ex rel. Halvorsen v. Blackburn, 388 So.2d 806, 807 (La.1980).
Here, the indictment charges defendant "did unlawfully commit obstruction of justice by tampering with evidence with the specific intent of distorting the results of a criminal investigation or proceeding which was relevant to a criminal investigation or proceeding involving the death of Louis Tillman, Jr. in violation of Louisiana Revised Statute 14:130.1A(1)(2)." The penalty for obstruction of justice is determined by the penalty which can be imposed for the "actual or potential present, past, or future criminal proceeding" which forms the basis of the underlying criminal proceeding. See LSA-R.S. 14:130.1(A). If "a sentence of death or life imprisonment may be imposed" in the underlying criminal proceeding, the penalty for obstruction of justice is a fine of not more than one hundred thousand dollars and/or imprisonment for not more than forty years at hard labor. If a sentence of "imprisonment necessarily at hard labor for any period less than a life sentence" may be imposed in the underlying criminal proceeding, the penalty for obstruction of justice is a fine of not more than fifty thousand dollars and/or imprisonment for not more than twenty years at hard labor. Finally, if "any other criminal proceeding" is involved, the penalty for obstruction of justice is a fine of not more than ten thousand dollars and/or imprisonment for not more than five years, with or without hard labor. LSA-R.S. 14:130.1(B).
Before accepting defendant's guilty plea, the trial court advised defendant of the constitutional rights she would waive by pleading guilty. The court also told defendant it was making no promise as to the length of sentence she would receive. The trial court implied the maximum penalty for obstruction of justice could be determined only after the underlying criminal proceeding was brought to trial. Her son's prosecution was pending at the time of her plea. The court told defendant that if her son was found guilty of second degree murder, her sentence could be forty years; that if her son was found guilty of manslaughter, her sentence could be twenty years; and if her son was found guilty of aggravated battery or some lesser crime than manslaughter, her sentence could be five years. The court also told defendant that if her son was found not guilty he would sentence her only to the time she had served. The court said it would sentence defendant after her son's case was resolved, either by trial or guilty plea.
Eventually, defendant's son was found guilty of second degree murder. Before sentencing, defendant filed a motion to withdraw her guilty plea. At the hearing, defendant testified when she pled guilty her attorney told her the sentence would be one year with credit for time served if she pled guilty, but if she went to trial she would be "looking at" thirty years. However, defendant admitted the judge made no promise as to the sentence. After hearing defendant's testimony, the trial court denied the motion. In sentencing defendant to ten years, the court acknowledged the maximum sentence could have been forty years. However, the court indicated it was limiting defendant's sentence to ten years because on one occasion during the guilty plea it mistakenly had said the sentence could be "anything from credit for time served to ten years with the Louisiana Department of Corrections."
Upon reviewing this assignment of error, we find the trial court's determination that the appropriate penalty provision for obstruction of justice could not be determined until the underlying criminal proceeding was resolved is not supported by the language of the statute. The term "criminal proceeding" encompasses action by both law enforcement personnel and judicial authorities; and the nature of the underlying criminal proceeding, for purposes of determining the appropriate section of the obstruction of justice statute, should be determined by the date(s) on which the acts of obstruction occurred. See generally State v. Hookfin, 602 So.2d 757 (La.App. 4th Cir.1992).
*1017 Because the trial court misread the obstruction of justice statute, it did not definitively advise defendant of the appropriate penalty. Thus, neither the indictment nor the trial court's comments adequately informed defendant of the nature of the charge to which she was pleading guilty. Accordingly, we set aside defendant's guilty plea and remand for further proceedings.[1]
REVERSED AND REMANDED.
EDWARDS, J., concurs and assigns reasons.
EDWARDS, Judge, concurring with reasons.
I concur with the result reached by the majority. I believe that we are constrained to reverse the conviction because the indictment is fatally defective; the grade of the underlying offense was not specified in the bill of information thereby resulting in insufficient notice to the defendant of the crime for which she was being charged. Upon remand, whether the defendant proceeds to trial or re-enters another guilty plea, the bill of information needs to be amended to cure the existing defect.
NOTES
[1] We have pretermitted review of the merits of defendant's final assignment of error relating to the alleged excessiveness of the sentence.