612 So.2d 801 (1992)
STATE of Louisiana
v.
Charlie FARMER.
No. KA 91 2175.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
*802 Doug Moreau, Dist. Atty., by Charles Grey, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Public Defender's Office, Baton Rouge, for defendant/appellant.
Before WATKINS, CRAIN and GONZALES, JJ.
CRAIN, Judge.
Defendant, Charlie Farmer, was charged by bill of information with distribution of cocaine, a violation of La.R.S. 40:967 A. After his jury trial began, defendant withdrew his original not guilty plea and, without making an admission of guilt, pled guilty as charged in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The trial court accepted defendant's guilty plea and subsequently sentenced him to five years imprisonment at hard labor, with credit for time served. Defendant has now appealed, designating two assignments of error, as follows:
1. The trial court erred when it accepted defendant's guilty plea.
2. The trial court committed error when it imposed an excessive sentence and failed to comply with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1.

FACTS[1]
On August 22, 1989, defendant approached two undercover policemen sitting in an unmarked vehicle and asked them if they wanted to purchase cocaine. When the officers responded affirmatively, defendant walked over to a second man, who handed defendant a plastic bag containing cocaine. Defendant then sold the bag of cocaine to the two officers for $20.00.

ASSIGNMENT OF ERROR NO. ONE
In this assignment of error, defendant argues the trial court erred in accepting his guilty plea. Specifically, defendant contends the Boykin examination conducted by the court was inadequate because defendant was not advised by the court either of their charge against him or of the required elements of that charge. Defendant further contends that these deficiencies were amplified because no factual basis was established at the Boykin examination to support the charge against him.
It is well settled that a guilty plea waives all defects prior to the plea other than jurisdictional defects which appear on the face of the pleadings and proceedings. State v. Allen, 263 La. 123, 267 So.2d 544, 545 (1972); State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988). Defendant did not file a motion to withdraw his guilty plea in this case. Further, his claim that the trial court's Boykin examination was inadequate because he was not informed of the charge against him or the elements of that charge is neither a jurisdictional defect nor an error discoverable by an inspection of the pleadings and proceedings. Nevertheless, we elect in this case to review the merits of defendant's claim.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that a trial court ascertain before accepting a guilty plea that the defendant has voluntarily and knowingly waived his right against self-incrimination, his right to jury trial, and his right to confrontation. A plea cannot be considered voluntary unless *803 the defendant has notice of the essential nature of the charge against him. See State ex rel. Halvorsen v. Blackburn, 388 So.2d 806, 807 (La.1980). However, it is not essential to the validity of a guilty plea that the trial court specifically inform the defendant of every element of the charged offense. Rather, the defendant must establish that his lack of knowledge regarding the essential elements of the offense resulted in his unawareness of the essential nature of the offense to which he pled guilty. State v. Hall, 537 So.2d 321, 322 (La.App. 1st Cir.1988); State v. Fabre, 525 So.2d at 1224. In State ex rel. Halvorsen, 388 So.2d at 807, the Louisiana Supreme Court refused to set aside a guilty plea because of the failure of the record to affirmatively establish that the defendant was given notice of an essential element of the offense to which he pled guilty. The Court held that, while it might be preferable for the trial court to explain the elements of the charged offense, the due process requirement of notice could be satisfied from other sources. State ex rel. Halvorsen v. Blackburn, 388 So.2d at 807.
The transcript of the Boykin examination herein reflects that the trial court informed defendant of his right to continue the jury trial, his rights to confrontation and cross-examination of all witnesses, and his right against self-incrimination. When questioned by the trial court, defendant responded that he understood these rights and that he himself had made the final decision to plead guilty, without being threatened or forced by anyone to do so. The colloquy between defendant and the trial court further indicates that defendant's motivation for changing his plea to guilty was the fact that several potential witnesses on his behalf, who were fugitives from justice, had refused to appear and testify and the advice of his counsel that he would probably receive a more lenient sentence if he pled guilty. Finally, the state's opening statement provided a factual basis for defendant's guilty plea.
Upon careful review of the record, we believe it establishes that defendant was aware of both the specific charge against him and the essential nature of this charge. In fact, defendant had previously filed a pro se[2] motion to quash his arrest and the charge against him in which he specifically noted that he was arrested and charged with distribution of cocaine. An additional factor indicating defendant's knowledge of the charge is the fact that the bill of information charging him with distribution of cocaine was read in open court at the beginning of his trial, apparently only minutes before he decided to change his plea to guilty. Moreover, the elements of the offense of distribution of cocaine are not complex. See La.R.S. 40:967 A(1) and 40:961(13); State v. Hobdy, 494 So.2d 1321, 1326 (La.App. 2nd Cir.1986), writ denied, 502 So.2d 110 (La.1987); State v. Gentry, 450 So.2d 773, 775 (La.App. 5th Cir.1984). In fact, we believe that the essential nature of this offense is conveyed by the very title "distribution of cocaine". See State v. Hall, 537 So.2d 321, 323 n. 1 (La.App. 1st Cir.1988). Defendant, whose education included college attendance, was well acquainted with the criminal justice system by virtue of numerous previous arrests and court proceedings, including at least one previous occasion on which he pled guilty to a different offense. In addition, he was represented and advised by counsel from the public defender's office prior to entering his guilty plea. Moreover, the record establishes that the decision to plead guilty was made by defendant alone, in the hope of receiving a lenient sentence.
Considering these circumstances, we believe defendant has failed to establish that he was unaware of either the specific charge against him or of the essential nature of that charge. To the contrary, the record indicates his plea was entered with a full awareness of the essential nature of the specific charge to which he pled guilty. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. TWO
In this assignment of error, defendant alleges that the trial court erred in *804 imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
The trial court is given wide discretion in the imposition of sentence within statutory limits, and a sentence will not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Holts, 525 So.2d 1241, 1245 (La.App. 1st Cir.1988). The reasons for sentencing assigned by a trial court in accordance with La.C.Cr.P. art. 894.1 are an important aid to this Court in reviewing a sentence alleged to be excessive. Although a trial court need not recite the entire checklist provided by art. 894.1, the record should reflect that the court adequately considered the guidelines provided therein. State v. Holts, 525 So.2d at 1246. However, even where a trial court fails to comply with the requirements of La.C.Cr.P. art. 894.1, it is not necessary to vacate a sentence and remand for resentencing if the sentence imposed is not apparently severe in relation to the particular offender or the particular offense. State v. Holts, 525 So.2d at 1246.
In the present case, defendant's contention that the trial court did not comply with the requirements of art. 894.1 is correct. During the sentencing hearing, the trial court did not give adequate reasons for the sentence imposed. However, it is not necessary to remand this matter for resentencing because, upon review of the record, we do not find the sentence imposed to be apparently severe in relation to this offender and his offense.
The penalty provided for distribution of cocaine under R.S. 40:967 B is imprisonment at hard labor for not less than five years nor more than thirty years. Additionally, the trial court may impose a fine of not more than $15,000.00. Thus, the five year sentence imposed upon defendant was the minimum sentence possible. Further, as a second felony offender, defendant was not eligible for the suspension of this minimum term of imprisonment under La.C.Cr.P. art. 893 A, which provides that the sentence of a second conviction should not be suspended unless the court finds: 1) that the offense did not involve the use of a dangerous weapon by the defendant; 2) the offense occurred at least five years after the first conviction; and, 3) the defendant was not charged with any other felony since the date of his first conviction. Although defendant met the first two criteria, he did not meet the third requirement; he has been charged with more than one felony since the date of his first conviction.
In any event, we do not believe the five year sentence defendant received can be considered excessive either by virtue of its length or the fact that it was not suspended. First, as previously noted, this sentence was the minimum allowed by law. Secondly, defendant has an extensive criminal record comprised of numerous arrests beginning in 1979 for charges including disturbing the peace by fistic encounter, simple and aggravated battery, simple burglary, felony theft, receiving stolen goods, forgery, possession of marijuana, and conspiracy to distribute cocaine. Further, defendant has been charged on four occasions with resisting an officer and once with simple battery of a police officer. In addition to the instant offense, his criminal record includes convictions for simple burglary, disturbing the peace, and misdemeanor theft.
According to the presentence investigation report (PSI) ordered in this case, defendant was placed on probation following his 1982 conviction for simple burglary. The PSI indicates that defendant was very uncooperative and was arrested several times while on probation. It also indicates that his probation was ultimately terminated unsatisfactorily.
For these reasons, and particularly in view of defendant's extensive criminal record, the sentence imposed was not excessive and there is no need to remand this matter for resentencing due to the trial court's noncompliance with art. 894.1. This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Because defendant pled guilty there is little factual information in the record regarding the charged offense. The instant facts are derived from the police report, the affidavit supporting defendant's arrest warrant and the state's opening statement.
[2] Although defendant filed this motion pro se, he was represented at the time by counsel from the public defender's office.