623 So.2d 110 (1993)
STATE of Louisiana,
v.
Roy Gerald MEDINE.
No. 92 KA 1494.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
*111 Doug Moreau, Dist. Atty., Office of Dist. Atty., Baton Rouge, by Jim Murray, Asst. Dist. Atty., for plaintiff/appellee.
Paul Knight, Asst. Public Defender, Baton Rouge, for defendant/appellant.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOGG, Judge.
Defendant, Roy Gerald Medine, was charged by bill of information with aggravated battery, in violation of La.R.S. 14:34. Originally, Medine pled not guilty but changed his plea to guilty under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), reserving his rights under State v. Crosby, 338 So.2d 584 (La.1976) to contest the denial of his motion to suppress a taped statement. He was sentenced to a ten year term of imprisonment at hard labor, with credit for time served. Medine appeals, urging three assignments of error. Assignment of error number three was abandoned expressly and will not be considered.

FACTS
On May 26, 1990, Medine attacked Paul Porche with a pipe. The following facts were revealed at the preliminary examination and motion to suppress hearing held on January 23, 1992. The day of the incident, Medine and the victim, Porche, met at the Ten Flags Inn in Baton Rouge. Porche and Medine had been acquaintances and were known to drink and occasionally use drugs together. The two men drove to an apartment complex in town and picked up another acquaintance, Larry Ledoux. The three men drove around town for several hours, drinking beer and smoking marijuana. Once the men returned to the hotel, Porche and Medine began arguing about an old twenty-dollar debt. Porche exited the vehicle and attempted to walk away. Medine left the vehicle and struck Porche several times in the head with a pipe. Medine then returned to the vehicle and drove away, leaving Porche to be discovered by a hotel guest. As a result of the attack, Porche suffered from severe brain damage, blindness, speech difficulties, and memory loss. Subsequently, Medine was arrested on other charges.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, Medine alleges that the trial court erred by denying his motion to suppress his taped statement. Specifically, Medine makes a two part argument. First, Medine contends that he was coerced into making the statement by threats of not seeing his young daughter and that he was refused counsel when he asked for one. *112 Secondly, Medine contends the trial court decided to deny the motion to suppress before the testimony was concluded.
In reviewing the admissibility of inculpatory statements made by Medine, we apply the rules governing the admissibility of confessions. State v. Mason, 447 So.2d 1134, 1136 (La.App. 1st Cir.1984). For a confession or inculpatory statement to be admissible into evidence, the state must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menaces, threats, inducements or promises. La.R.S. 15:451. Additionally, the state must show that an accused who makes a statement or confession during custodial interrogation was first advised of his Miranda rights. State v. King, 563 So.2d 449, 453 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990). The admissibility of a confession is in the first instance a question for the trial court. Its conclusions on the credibility and weight of testimony relating to the voluntariness of the confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Daughtery, 563 So.2d 1171, 1177 (La.App. 1st Cir.), writ denied, 569 So.2d 980 (La.1990). Whether or not a showing of voluntariness has been made is analyzed on a case by case basis with regard to the facts and circumstances of each case. State v. Benoit, 440 So.2d 129, 131 (La.1983). The trial court must consider the totality of the circumstances in deciding whether or not a confession is admissible. State v. Hernandez, 432 So.2d 350, 352 (La.App. 1st Cir. 1983).
At the hearing on the motion to suppress (held in conjunction with the preliminary examination), Detective John Burkett of the Baton Rouge City Police testified that he advised Medine of his rights before questioning him. Further, Detective Burkett testified that he neither coerced, abused or threatened Medine into making the statement, nor did he promise or offer Medine anything in exchange for the statement. When specifically asked by defense counsel if he threatened Medine with not seeing his young daughter again, Detective Burkett emphatically denied that allegation.
After the state rested, defense counsel noted to the court that the state had not rebutted the allegation that Medine had been denied counsel when he requested. At that point, the trial court asked Detective Burkett to take the stand again to complete testimony. Defense counsel objected, stating that the state had already rested. The trial court denied the motion to suppress and overruled the objection to Detective Burkett resuming the stand. Detective Burkett testified that Medine never requested counsel. Thereafter, the trial court again denied the motion to suppress.
Whether or not to permit a second suppression hearing or a reopened suppression hearing is a matter within the discretion of the trial court. State v. Nixon, 537 So.2d 326, 327 (La.App. 1st Cir.1988), writ denied, 546 So.2d 1210 (La.1989). In the instant case, we find the trial court did not abuse its discretion by reopening the suppression hearing. Further, we find that the trial court denied the motion to suppress based on Detective Burkett's original testimony and, when defense counsel reminded the court about Medine's remaining allegation, the court reopened the hearing in order to ascertain testimony about it. After carefully reviewing the record, we find that the trial court did not abuse its discretion by denying the motion to suppress. The evidence supports a finding that Medine's statement was voluntarily made without coercion or threats and that the trial court ruled based on its impression from the testimony, which is within its sound discretion. For the reasons herein stated, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, Medine alleges the trial court erred when it accepted Medine's guilty plea. Specifically, Medine contends the Boykin examination was inadequate because the court did not adequately advise him of the nature of the charges against him, the court did not read the criminal statute to him, the court did not state what elements the state had to prove in *113 order to convict him and the court failed to advise him of the possible sentencing range.
It is true that, at the Boykin proceeding, the court did not talk about the nature of Medine's charges, did not read to him the criminal statute and did not discuss the elements of the crime which the state must prove in order to convict. However, a preliminary examination was conducted at which testimony revealed facts which constitute the elements of aggravated battery. Moreover, at the Boykin proceeding, Medine waived the reading of the bill of information. Further, when the court asked for the factual basis for the plea, the state submitted the motion to suppress testimony (held at the same time as the preliminary hearing) for the factual basis; and defense counsel stated, "We have no objection to that factual basis, Judge." Additionally, defense counsel stated,
Your Honor, I and Mr. Hebert, both, have counseled with Mr. Medine at length regarding the facts of this case. I spent a great deal of time this morning explaining to him the contents of that plea agreement, his constitutional rights and the consequences of this plea. I believe that he understands it fully and, furthermore, I'm convinced that what he's doing today is in his best interest.
The validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense. Rather, defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988). Herein, Medine was present at the preliminary examination, at which he testified; and we find that he was informed of the nature of the charges filed against him.[1]
During the Boykin examination, the trial judge carefully advised Medine of his rights: against self-incrimination, to a trial by jury and to confront his accusers. The trial judge asked Medine if he could read and write; and Medine answered, "Yes, sir."
The United States Supreme Court, in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), reversed five robbery convictions based upon guilty pleas on the basis that the court accepting the pleas had not ascertained that the defendant voluntarily and knowingly waived his right against compulsory self-incrimination, right to jury trial, and right of confrontation. The language included in many Louisiana cases concerning a requirement that the accused be advised of his possible sentencing exposure, citing Boykin, apparently derived from footnote 7 in Boykin, in which the Supreme Court quoted from a Pennsylvania state court case as a demonstration of that court's approach to the issue. The Boykin decision itself does not require such advice; it only requires that a defendant be informed of the three rights enumerated above. "Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions." State v. Nuccio, 454 So.2d 93, 104 (La.1984).
Medine argues that the guilty plea is invalid because the trial court did not advise him of the sentencing range. As previously noted, Boykin requires no such advice. Moreover, it is not clear what, if any, explanation is owed to a defendant about his maximum penalty exposure, only that an understanding of the exposure is important to a defendant in some cases. State v. Haney, 434 So.2d 1264, 1266 n. 3 (La.App. 1st Cir.1983). Medine herein does not contend that his guilty plea is rendered involuntary because he received a sentence in excess of the one promised him nor that he was actually unaware of his sentencing exposure. Cf. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982) *114 (wherein the defendant attacked his guilty plea by way of post conviction relief and established his misunderstanding of when he would be eligible for parole and that he would not have pled guilty had he known he would be ineligible for probation or parole).
We note that, as part of the plea agreement, the state agreed to not file a habitual offender bill against Medine and the sentencing was left to the discretion of the trial court. A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988). For the reasons stated herein, we find this assignment of error meritless.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] We note that our brethren at the Third Circuit Court of Appeal held in State v. Perry, 515 So.2d 654, 655 (La.App. 3rd Cir.1987), that a guilty plea need not be accompanied by the recitation of a factual basis. In State v. Perry, the Court quoted Judge Alvin Rubin's opinion in Banks v. McGougan, 717 F.2d 186 (5th Cir.1983), wherein Judge Rubin wrote, "[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea...." Louisiana law, unlike Fed.R.Crim.P. 11(f), has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.