625 So.2d 748 (1993)
STATE of Louisiana
v.
Carl MALONEY.
No. 92 KA 1919.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
*749 Doug Moreau, Dist. Atty., Office of the Dist. Atty., Baton Rouge, by Sue Bernie, Asst. Dist. Atty., for plaintiff/appellee.
Paul Knight, Asst. Public Defender, Baton Rouge, for defendant/appellant.
Before EDWARDS, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Carl Maloney was indicted for aggravated rape, a violation of La.R.S. 14:42. After determining that a plea of guilty under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) was in his best interest, defendant pled guilty to the responsive offense of forcible rape, a violation of La.R.S. 14:42.1. The court sentenced him to serve a term of thirty-five years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence. Defendant appeals his conviction, urging two assignments of error.
At the guilty plea, the assistant district attorney summarized the facts of the offense. On October 13, 1991, the victim's mother woke up and noticed that her five year old daughter was not in bed with her. When she could not find her daughter, she went to the kitchen and noticed the light was on in the laundry room. When she tried unsuccessfully to open the door, her fiancé, the defendant, who was in the laundry area, told her the child was in her room. The mother checked the child's room again but did not find her. She then forced her way into the laundry area. She found her daughter standing next to defendant. Defendant's penis was protruding out of the front of his boxer shorts. The young girl told her mother that defendant had put his penis in her vagina. The doctor who examined the victim found tears in the vaginal opening. Additionally, blood was found in the victim's vaginal vault and on her panties.
SUFFICIENCY OF GUILTY PLEA EXAMINATION
In the first assignment of error, defendant argues his guilty plea should be vacated because the court did not adequately advise him of the nature of the charge and did not advise him of the sentencing range when he *750 pled guilty. In response, the state argues defendant has not shown he was unaware of the essential nature of the offense. The state also claims the record shows the court advised defendant of the sentencing range.
It is well settled that a guilty plea waives all defects prior to the plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. Defendant did not file a motion to withdraw his guilty plea. Nevertheless, we elect to review the merits of defendant's claims. See State v. Farmer, 612 So.2d 801, 802 (La.App. 1st Cir.1992).
Defendant faults the trial court for not advising him of the elements of the offense. Before accepting a guilty plea, the trial court must be satisfied the defendant is entering the plea knowingly and voluntarily with full understanding of the true nature of the charge against him. However, it is not essential to the validity of a guilty plea that the court specifically inform the defendant of every element of the charged offense. To have a guilty plea set aside on this ground, the defendant must establish that his lack of knowledge regarding the essential elements of the offense resulted in his unawareness of the true nature of the offense to which he pled guilty. See Farmer, 612 So.2d at 802-03; State v. Jones, 610 So.2d 1014, 1015 (La.App. 1st Cir.1992).
At the guilty plea proceedings, defendant indicated it was in his best interest to plead guilty to the responsive offense of forcible rape. He was forty-one years old and had attended two years of college. He acknowledged and demonstrated his ability to read and write and to understand the proceedings. By pleading guilty to forcible rape, he reduced his exposure from life imprisonment at hard labor without benefit of probation, parole, or suspension (the penalty for aggravated rape) to forty years at hard labor without benefit of probation, parole, or suspension of sentence (the maximum penalty for forcible rape). Although the court did not specifically advise defendant of the elements of the offense of forcible rape, the prosecutor summarized the facts of defendant's crime; and defendant stipulated that the prosecutor's statement established the factual basis for the plea. These facts were sufficient to establish defendant's guilt not only for forcible rape, but also for aggravated rape. On appeal defendant makes no claim that he was unaware of the essential nature of the offense; and we find nothing in the record to support this position.
Defendant also claims the trial court did not adequately advise him of his sentencing exposure. It is important to a defendant's decision to plead guilty that he understand the maximum penalty exposure. State ex rel. LaFleur v. Donnelly, 416 So.2d 82, 84 (La.1982). Recently, this Court found no merit in a defendant's claim that his guilty plea should be vacated because the trial court had not advised him of the sentencing range. We noted that the defendant had not contended that his guilty plea was rendered involuntary because he received a sentence in excess of one promised him or that he actually was unaware of his sentencing exposure. See State v. Harris, 601 So.2d 775, 777-78 (La.App. 1st Cir.1992).
Similarly, in the instant case, defendant makes no claim that he was not aware of the maximum sentence for forcible rape. Instead, he argues that the colloquy between the court and defense counsel was insufficient to fulfill the court's obligation to personally advise defendant of the sentencing range. Rather than directly advising defendant of the sentencing range, the court and defense counsel discussed the sentencing range in defendant's presence as follows:
The Court: The range of penalty is zero to forty?
[Defense counsel]: Five to forty, your Honor.
The Court: Five to forty.
[Defense counsel]: Two of whichat least two of which must be without benefit of probation, parole, or suspension of sentence.
Additionally, a similar statement concerning the possible penalty was included in the guilty plea form signed by defendant and his attorney. Although neither the comments made by the court and counsel during the guilty plea nor the guilty plea form advised *751 defendant that the entire forty years could be imposed without benefit of probation, parole, or suspension of sentence, the clear implication from the language used ("at least two of which") was adequate to advise defendant that the entire term could be imposed without benefit of probation, parole, or suspension of sentence.
Considering these circumstances, we conclude defendant has failed to establish that he was unaware of the essential nature of the charge or of the sentencing range. To the contrary, the record indicates defendant was aware of the essential nature of the specific charge to which he pled guilty and of the sentencing range. The assignment of error is without merit.
EXCESSIVE SENTENCE
In the second assignment of error, defendant argues the court imposed an excessive sentence and did not comply with the requirements of La.C.Cr.P. art. 894.1.
As required by La.C.Cr.P. art. 881.1, defendant filed a motion to reconsider sentence. However, the record before this Court does not reflect a ruling on the motion. It was defendant's responsibility to obtain a ruling on the motion and to cause the appellate record to be supplemented with it. In its current procedural posture, any action by this Court on defendant's appeal of the length of the sentence would be premature because, on reconsideration of the sentence, the trial court could grant defendant the relief he seeks. See State v. Sanders, 618 So.2d 904 (La.App. 1st Cir.1993).
Therefore, the conviction is affirmed; and this matter is remanded to the trial court for supplementation of the record with the ruling on defendant's motion to reconsider sentence. If there has been no disposition of the motion, the court should rule on it within thirty days of the date of this opinion. If the motion to reconsider is granted and defendant is resentenced, he may appeal the new sentence. If the motion is denied or if it already has been ruled on, defendant must move to relodge this appeal within sixty days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later.
In reviewing the record for patent error, we have found error in the sentence which should be corrected upon remand. Although the minutes of the sentencing indicate defendant received credit for time served, the transcript of the sentencing reveals that the trial court did not credit defendant with time served as required by La.C.Cr.P. art. 880. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). On remand, if the district court denies the motion to reconsider or has already ruled on the motion, it should amend the sentence and the commitment to reflect that defendant is to be given credit for time served. In the event the motion to reconsider is granted and defendant is resentenced, the court is directed to comply with the requirements of La.C.Cr.P. art. 880.
CONVICTION AFFIRMED. REMANDED WITH ORDER.