686 So.2d 107 (1996)
STATE of Louisiana
v.
Johnny Ray FIELDS.
No. 95 KA 2481.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
Lewis V. Murray, III, Washington Parish Asst. District Attorney, Franklinton, for Plaintiff/Appellee State of Louisiana.
William R. Campbell, Jr., New Orleans, Marion B. Farmer, Covington, for Defendant/Appellant Johnny Ray Fields.
Before WATKINS, KUHN and GUIDRY,[1] JJ.
*108 KUHN, Judge.
The defendant, Johnny Ray Fields, was charged by bill of information with one count of possession of cocaine, in violation of La. R.S. 40:967(C). On March 8, 1990, defendant pled no contest to the charge. In accordance with the provisions of La. R.S. 40:983,[2] sentencing was deferred and defendant was placed on supervised probation for a term of three years with numerous special conditions being imposed. As agreed, in exchange for defendant's plea, the state dismissed a pending charge for possession of stolen things.
On March 8, 1993, an affidavit was filed in the district court by Benito Lopez, a probation officer with the Department of Corrections who had been assigned the supervision of the defendant. The affidavit claimed defendant had violated the following terms of his probation: Condition No. 1 to refrain from criminal conduct; Condition No. 6 to refrain from owning or possessing firearms or other dangerous weapons; and Condition No. 11 to submit to random drug screening.
On April 12, 1993, a revocation hearing was held. The court found defendant had not complied with the probation conditions and he had in fact violated his probation. In accordance with La. R.S. 40:983(B), the court adjudicated defendant guilty of the crime of possession of cocaine.
On June 22, 1995, defendant was sentenced to twenty-four months hard labor, with credit for time served. This appeal follows.[3] Defendant raises four assignments of error:
1. The trial court erred in accepting the March 8, 1990, no contest plea because the court failed to ascertain that the defendant understood the crime to which he was pleading. Specifically, the trial court failed to define the elements of the offense and inform the defendant of the minimum and maximum sentence.
2. The trial court erred in admitting hearsay at the April 12, 1993, probation revocation hearing.
3. The evidence was insufficient to support the defendant's probation revocation.
4. Any and all errors patent on the face of the record.[4]

Assignment of Error Number One
In this assignment of error, defendant argues the trial court erred in accepting his no contest plea. Specifically, defendant contends the Boykin examination conducted by the court was inadequate because the court did not adequately advise him of the nature of the charge against him, did not read the criminal statute to him, did not state what elements the state had to prove in order to convict him and failed to advise him of the possible sentencing range.
It is well-settled jurisprudence that a guilty plea waives all defects prior to the plea other than jurisdictional defects which appear on the face of the pleadings and proceedings. State v. Farmer, 612 So.2d 801, 802 (La.App. 1st Cir.1992). Defendant did not file a motion to withdraw his guilty plea in this case. Further, his claim that the trial court's Boykin examination was inadequate *109 because he was not informed of the elements of the charge against him and the sentencing range is neither a jurisdictional defect nor an error discoverable by an inspection of the pleadings and proceedings. Nevertheless, we elect in this case to review the merits of the defendant's claim.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that a trial court ascertain, before accepting a guilty plea, that defendant has voluntarily and knowingly waived his right against self-incrimination, his right to a jury trial, and his right to confrontation. The transcript of the Boykin examination herein reflects that the trial court informed defendant of these rights. When questioned by the trial court, defendant responded that he understood these rights and he made the decision to plead no contest without being forced or coerced by anyone to do so. Defendant acknowledged that, other than the terms and agreements stated on the record, he had received no promises or inducements in exchange for his no contest plea. He indicated he was satisfied with the legal representation he received, and defendant's trial counsel stated he believed his client's plea was knowingly and voluntarily entered.
A plea cannot be considered voluntary unless defendant has notice of the essential nature of the charge against him. However, it is not essential to the validity of a guilty plea that the trial court specifically inform defendant of every element of the charged offense. Rather, defendant must establish that his lack of knowledge regarding the essential elements of the offense resulted in his unawareness of the essential nature of the offense to which he pled guilty. Farmer, 612 So.2d at 802-803.
In the case herein, the trial judge informed defendant that he was charged with having on February 3, 1988, unlawfully, knowingly and intentionally possessed cocaine. Defendant indicated he understood what that meant and acknowledged such action is against the law. Additionally, the assistant district attorney provided a factual basis for the plea.[5]
Moreover, the elements of the offense of possession of cocaine are not complex. See La. R.S. 40:967(C). We find the essential nature of this offense is conveyed by the very title "possession of cocaine." See Farmer, 612 So.2d at 803. Upon review of the record, we conclude defendant was well informed and aware of the essential nature of the charge filed against him.
Defendant submits his no contest plea is invalid because the trial court did not advise him of the sentencing range for possession of cocaine.
Prior to accepting defendant's plea, the trial judge stated he would place defendant on probation for a period of three years, subject to the general and special terms and conditions made part of the record. Defendant was then informed that, if he should violate any conditions of probation, imposition of sentence would be within the discretion of the trial judge. Defendant indicated he understood and agreed with the trial court's explanation of the terms of his probation and his possible sentence exposure upon a violation of his probation. We note that, as part of the plea agreement, the state dismissed a pending charge for possession of stolen property, and the trial court informed defendant that if his probation should be revoked, sentencing would be left to the discretion of the court.
Boykin does not require that defendant be advised of the sentencing range. It is not clear what, if any, explanation is owed to a defendant about his maximum penalty exposure, only that an understanding of the exposure is important to a defendant in some cases. Defendant herein does not contend *110 that his guilty plea is rendered involuntary because he received a sentence in excess of the one promised him, that he actually was unaware of his sentencing exposure, or that he would not have pled guilty had he known of his sentencing exposure. See State v. Medine, 623 So.2d 110, 113 (La.App. 1st Cir. 1993). Cf. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982) (wherein defendant attacked his guilty plea by way of post conviction relief and established his misunderstanding of when he would be eligible for parole and that he would not have pled guilty had he known he would be ineligible for probation or parole). A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988).
For the reasons herein stated, this assignment of error is meritless.

Assignments of Error Number Two and Three
Defendant contends the trial court committed reversible error when it admitted hearsay testimony into evidence.
The Louisiana Supreme Court has held that formal rules of evidence do not apply in revocation proceedings. See State v. Davis, 375 So.2d 69, 75 (La.1979). The principles underlying the code of evidence serve as guides to the admissibility of evidence. The specific exclusionary rules and other provisions, however, are applied only to the extent that they tend to promote the purposes of the proceeding. La.Code Evid. art. 1101(B).
Although the rules of evidence are relaxed in probation revocation proceedings, the state still must establish that a defendant violated a condition of probation. At the probation revocation hearing, a violation of the conditions of probation may be shown by establishing a criminal conviction or by actual proof of the commission of a crime, apart from conviction. In the first instance, the hearing judge looks to the record of a criminal prosecution, but in the latter he looks to the actual conduct of the defendant that violates the conditions of his probation. Davis, 375 So.2d at 71-72 (La.1979).
Defendant's probation officer, Benito Lopez, testified to those matters contained within his affidavit. Specifically, Lopez testified that defendant was arrested on October 14, 1992, for being a convicted felon in possession of a firearm and for illegal possession of stolen things. On November 4, 1992, defendant was arrested for distribution of cocaine. On April 17, 1991, January 3, 1992, and March 12, 1992, defendant submitted to drug screens and tested positive for cocaine. Defense counsel objected to, as hearsay, the testimony concerning the drug screening results. The objection was overruled.
Bogalusa Police Officer Ed Gomez testified that on the evening of October 14, 1992, he was advised by Sergeant Mike Edwards, also of the Bogalusa Police Department, to stop a subject who appeared to be driving while intoxicated. Sergeant Edwards arrived shortly after the vehicle was stopped. Both officers identified the defendant as the driver of the vehicle. Sergeant Edwards testified he observed a pistol on the floorboard of the driver's side of the vehicle. Officer Gomez observed the weapon in Sergeant Edwards' possession after it had been secured. A computer check by Sergeant Edwards revealed the pistol had been reported stolen on May 14, 1990. Defense counsel raised a hearsay objection to Sergeant Edwards' testimony.
The last witness to testify at the probation revocation hearing was Officer Gordon Parker, a Jefferson Parish Sheriff's Office Narcotics Agent. Agent Parker testified that he was working in an undercover capacity for the Bogalusa Police Department when he met defendant. On August 5, 1992, he purchased three rocks of what appeared to be crack cocaine from defendant for $25.00. On August 14, 1992, he again purchased narcotics from defendant. Crime laboratory reports indicated the substances purchased from the defendant were crack cocaine.
Since the formal rules of evidence do not apply in revocation hearings, it was proper for the trial court to consider hearsay evidence. However, hearsay evidence alone is insufficient proof of criminal activity upon which to base a revocation. See State v. Sussmann, 374 So.2d 1256, 1258 (La.1979). *111 Defendant must be given the opportunity to confront and cross-examine the witnesses who testify against him at the revocation hearing in order to meet the minimum due process requirements established by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See Davis at 75.
In the present case, defendant was given the opportunity to confront and cross-examine his probation officer and the police officers involved in all of the alleged criminal activity. Cf. Davis, 375 So.2d 69. (Davis' due process rights were violated because he was not given the opportunity to be heard in person or to present witnesses at his probation revocation hearing.) Therefore, defendant's due process rights were protected.
The trial court found clear and convincing evidence that defendant sold cocaine to Agent Parker on August 5, 1992, and August 14, 1992. Noting that possession of and the sale of cocaine are illegal activities, the court revoked defendant's probation. The trial court also noted that the random drug screenings revealed defendant had been using cocaine, also an illegal activity. We also note that the testimony that defendant was found in the possession of a pistol was uncontroverted.
We find no error in the district court's conclusion. Therefore, these assignments of error are without merit.

CONCLUSION
For the reasons expressed, we affirm defendant's conviction, sentence and probation revocation.
CONVICTION, SENTENCE AND PROBATION REVOCATION AFFIRMED.
NOTES
[1] Judge Carl A. Guidry, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] La. R.S. 40:983, providing for the conditional discharge of first time offenders of certain possession charges, was repealed by 1995 La. Acts No. 1251, § 2.
[3] In brief to this court, the state argues the defendant's appeal is untimely. By order dated May 31, 1996, this court noted that argument should have been raised by a motion to dismiss. In maintaining the appeal, this court stated the imposition, as opposed to the execution, of sentence was suspended under La.Code Crim. P. art. 894(A). As such, the sentence of June 22, 1995, was the first imposed. La.Code Crim. P. art. 912(C)(1) provides that a defendant may appeal a judgment which imposes sentence. Also, in assignment of error number three, the defendant attacks his probation revocation, which is not an appealable judgment. In the interest of judicial efficiency, this court will consider that assignment under the appeal.
[4] This court routinely reviews the record for errors patent, whether or not such a request is made by a defendant. Under La.Code Crim. P. art. 920(2), we are limited in our patent error review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. State v. Allen, 94-1941, p. 11 (La.App. 1st Cir. 11/9/95); 664 So.2d 1264, 1273, writ denied, 95-2946 (La.3/15/96); 669 So.2d 433. After a careful review of the record in these proceedings, we have found no patent errors.
[5] The defendant places emphasis on the fact that the state's recitation of facts was given after the defendant tendered his no contest plea, albeit prior to the court's acceptance of the defendant's plea. We previously have noted that our brethren at the Third Circuit Court of Appeal held in State v. Perry, 515 So.2d 654, 655 (La.App. 3rd Cir.1987), that a guilty plea need not be accompanied by the recitation of a factual basis. See State v. Medine, 623 So.2d at 113 n. 1 (La.App. 1st Cir.1993). Regardless, the timing of the recitation of facts is of no consequence to the case herein. As the defendant was pleading no contest, it is doubtful he would have acknowledged the truthfulness of the facts supporting the charges against him.