# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

NO. 2022 KW 0297

IN THE INTEREST OF T.T.

**MARCH 30, 2022**

In Re:    T.T., applying for supervisory writs, Juvenile Court, Parish of East Baton Rouge, No. 115732.

**BEFORE:    McCLENDON, WELCH, AND THERIOT, JJ.**

**WRIT DENIED.**

PMc
MRT

**Welch, J.,** dissents. I find the evidence presented at the revocation hearing was insufficient to prove that the juvenile violated the condition to refrain from committing any further delinquent acts, or the condition to refrain from owning or possessing a knife, firearm, or any weapon. See **State v. Fields,** 95-2481 (La. App. 1st Cir. 12/20/96), 686 So.2d 107, 110; **State in Interest of Wright,** 387 So.2d 75, 78 (La. App. 4th Cir.), remanded on other grounds, 391 So.2d 456 (La. 1980). Further, as it is unclear from the juvenile court's ruling whether the court improperly considered those alleged violations in deciding to revoke the juvenile's probation, I would vacate the ruling revoking the juvenile's probation and remand this matter to the juvenile court to reconsider whether revocation is warranted based on the remaining violations of the two conditions of probation – to refrain from illegal drug use and to observe a 6 p.m. curfew – which were not disputed. See **State v. Rochelle,** 38,633 (La. App. 2d Cir. 6/23/04), 877 So.2d 250, 258.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT