kKUHN, Judge.
Defendant, David L. Barnes, was charged by bill of information with five counts of Medicaid fraud, in violation of La. R.S. 14:70.1. At the arraignment, defendant pled guilty to all counts. On the day set for sentencing, new counsel enrolled for defendant. Defendant filed a motion to withdraw his guilty pleas, which was denied by the trial court.[1] Pursuant to La. C. Cr. P. art. 893D(1), the court deferred the imposition of sentence for a five year period and placed defendant on probation for that period. The trial court also imposed special conditions of probation, requiring defendant to: 1) pay a $20.00 monthly fee for probation costs, 2) pay court costs, 3) pay civil penalties of $10,-000.00, 4) perform one hundred hours of community service, 5) make restitution in the amount of $82,224.41, and 6) forfeit $19,-015.76 in payments being held by the Louisiana Medicaid Program.
A week later, defendant filed a motion to “set aside the sentence” and to allow “a rehearing on his motion to withdraw his plea of guilty.” The trial court also denied this motion. Defendant appeals, urging that the trial court erred in denying his motion to withdraw his guilty pleas and in denying his motion to set aside the sentences and holding a hearing on the motion to withdraw his guilty pleas.
FACTS
Defendant was a chiropractor operating a clinic in Kenner, Louisiana. He committed Medicaid fraud by submitting bills to the Louisiana Medicaid Program for physician’s office visits under the provider number of another physician, who was not present at the clinic at the time of the visits and who did not in fact render those services.[2]
^MOTION TO WITHDRAW GUILTY PLEAS
In his two assignments of error, defendant claims that the court erred when it denied his motion to withdraw his guilty pleas and denied his motion to set aside his sentences and have a rehearing on his motion to withdraw his guilty pleas. In assignment of error number one, defendant specifically argues that his pleas were involuntary because he was assured by counsel that he could withdraw his guilty pleas before sentencing. In assignment of error number two, defendant contends that he should have been allowed to set aside his sentences, have a rehearing on his motion and withdraw his guilty pleas.[3]
The state argues that the record shows that defendant made knowing and voluntary guilty pleas and that the trial court did not abuse its discretion in denying the motion to withdraw the guilty pleas.
At the time of sentencing, the trial court refused to allow defendant to withdraw the guilty pleas. The court noted that defendant entered into a written plea agreement and that pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a Boykin examination was conducted. The court also found that there was nothing in the record to show an agreement with defendant that he could later withdraw his guilty pleas.
*925 Boykin v. Alabama requires that a trial court ascertain, before accepting a guilty plea, that defendant has voluntarily and knowingly waived his right against self-incrimination, his right to a jury trial, and his right to confrontation. State v. Fields, 95-2481, p. 3 (La.App. 1 Cir. 12/20/96), 686 So.2d 107, 109. The transcript of the Boykin examination herein reflects that the trial court informed defendant of these rights. When questioned by the trial court, defendant responded that he understood and wished to [¡waive these rights. Defendant also indicated that his decision to plead guilty was made without being forced, intimidated, coerced, or promised anything by anyone. Defendant’s attorney acknowledged that a written plea agreement had been signed by himself, defendant, and the assistant attorney general, and that the agreement was being entered into the record. No mention was ever made of reserving the right to withdraw the guilty plea.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559A. Under this article, a defendant has no absolute right to withdraw a previously entered plea of guilty. The court’s decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Lewis, 633 So.2d 315, 317 (La.App. 1st Cir.1993); State v. Carmouche, 589 So.2d 53, 55 (La.App. 1st Cir.1991).
Defendant’s claim that the agreement included an opportunity to change his mind is not supported by the record of the guilty plea proceedings. The court thoroughly advised defendant of his constitutional rights and determined defendant knowingly and voluntarily waived these rights. Throughout the plea, defendant indicated his 'willingness to plead guilty. After a complete review of the record, we conclude that the court did not abuse its discretion when it denied the motion to withdraw the guilty pleas and when it denied the motion to set aside the sentences and hold a rehearing on the motion to withdraw the guilty pleas.
These assignments of error are without merit.
CONVICTIONS AND SENTENCES AFFIRMED.

. Defendant's motions and briefs actually refer to his guilty plea and sentence in the singular. We note that defendant pled guilty to five counts and we refer to them in the plural.

. Since there was no trial in this case, the facts are derived from the transcript of the Boykin examination and the affidavits contained in the record.

. In his "First Amendment to the Original Brief,” defendant makes arguments and refers to documents submitted at a 1998 administrative hearing before the Louisiana State Board of Chiropractic Examiners concerning his chiropractic license. This hearing is not part of the lower court proceedings and the documents admitted in that hearing are not part of this record on appeal. This court cannot review evidence beyond the appellate record. State v. Williams, 536 So.2d 612, 615 (La.App. 1 Cir.1988).