KUHN, J.
| .¿Defendant, Benson Harrison O’Brien, III, was originally charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1, and pled not guilty. The State subsequently amended the indictment to charge defendant with manslaughter, a violation of La. R.S. 14:31, and defendant pled guilty to the amended charge. The trial court sentenced defendant to forty years imprisonment at hard *630 labor. Defendant now appeals, assigning error to the trial court’s denial of his motion for new trial filed approximately one year after his guilty plea and sentencing. For the following reasons, we conditionally affirm the conviction and sentence and remand for a determination of whether a meaningful inquiry into defendant’s competence at the time of guilty plea is possible and, if so, for an evidentiary hearing and determination on this issue.

STATEMENT OF FACTS

Because defendant entered a guilty plea to the amended charge in this case, the facts were not fully developed in the record. At the time of the plea, the parties stipulated to the existence of a factual basis based upon discovery and sentencing discussions. According to the St. Tammany Parish Sheriffs Office affidavit for a search warrant, on May 7, 2012, deputies responded to a medical emergency at a residence in Covington where they observed the body of Bridgette Harveston (the victim) on the ground near a barn. The victim was unresponsive and, after being transported to St. Tammany Parish Hospital, was pronounced deceased. The emergency was reported by defendant’s father, Benson O’Brien, Jr., who went to a neighbor’s residence to call 911 after discovering the victim near the barn entrance, unresponsive with bruises on her face. According to Mr. O’Brien, defendant indicated that he and the victim had an altercation. When Mr. O’Brien and the neighbor returned to the residence, defendant and the victim’s vehicle were no longer there. Later that day, defendant arrived at his attorney’s office in Covington Land was subsequently taken into custody. The next day, an autopsy was conducted and homicide was the concluded cause of death.

ASSIGNMENT OF ERROR

In the sole assignment of error, defendant asserts that the trial court erred by failing to hold a hearing on the issue of his competency to understand the plea he entered on March 13, 2013. Pointing out that he raised this issued in his motion for new trial filed March 12, 2014, defendant maintains that the trial court should have held a hearing, listened to medical testimony regarding his competency and, absent compelling testimony to the contrary, determined that he was incompetent to waive his rights at the time of the guilty plea. Because the issue of sanity or mental capacity to proceed may be raised at any stage of the proceedings even after conviction, where there is the allegation that mental illness prevented a knowing and intelligent waiver, supported by the offer of testimony by medical professionals, defendant asserts, it is error to deny a hearing.
Normally a defendant’s plea of guilty waives all nonjurisdictional defects. State v. Fields, 95-2481 (La.App. 1st Cir.12/20/96), 686 So.2d 107, 108. Thus, since this defendant has pled guilty, a motion for a new trial is inappropriate and should be treated as a motion to withdraw a guilty plea. See State v. Jenkins, 419 So.2d 463, 466 (La.1982).[1] However, de *631 fendant’s allegations of mental competency cannot be disregarded and will be treated as if presented on a motion to withdraw a plea of guilty. At the time of defendant’s plea, La.C.Cr.P. art. |4559(A) provided that a court “may permit a plea of guilty to be withdrawn at any time before sentence.”[2] Likewise, the Louisiana Supreme Court in State v. Lewis, 421 So.2d 224, 225-26 (La.1982), held that a trial court may permit the withdrawal of a guilty plea after sentencing if the court finds that the guilty plea was not entered freely and voluntarily, or if there was an inadequate colloquy advising the defendant of the rights he was waiving by pleading guilty and therefore the guilty plea was constitutionally infirm. There is “no absolute right to withdraw a previously entered plea of guilty.” State v. Barnes, 97-2522 (La.App. 1st Cir.9/25/98), 721 So.2d 923, 925. The withdrawal of a guilty plea is within the discretion of the trial court and is subject to reversal only if that discretion is abused or arbitrarily exercised. See State v. Johnson, 406 So.2d 569, 571 (La.1981).
For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against compulsory self-incrimination. A guilty plea must be entered knowingly and voluntarily. See Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); see also State v. White, 517 So.2d 461, 462-63 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1184 (La.1988). In determining whether the defendant’s plea is knowing and voluntary, the court must not only look to the colloquy concerning the waiver of rights, but also other factors that may have a bearing on the decision. See e.g. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Galliano, 396 So.2d 1288 (La.1981); State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909. Similarly, in reviewing whether the trial court abused its discretion, courts have | ¡¡looked to the guilty plea colloquy to determine whether the defendant was advised of the consequences of his plea and whether he voluntarily and intelligently waived his rights. What the accused understood is determined in terms of the entire record and not just certain “magic words” used by the trial judge. State v. Strain, 585 So.2d 540, 543 (La.1991). Everything that appears in the record concerning the predicate offense, as well as the trial judge’s opportunity to observe the defendant’s appearance, demeanor and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. State v. Cadiere, 99-0970 (La.App. 1st Cir.2/18/00), 754 So.2d 294, 297, writ denied, 2000-0815 (La.11/13/00), 774 So.2d 971. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. State v. Munholland, 34,941 (La.App.2d Cir.10/12/01), 797 So.2d 778, 782, writ denied, 2001-3077 (La.9/13/02), 824 So.2d 1185 (citing Cadiere, 754 So.2d 294).
*632 In Louisiana, mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. La.C.Cr.P. art. 641; State v. Nomey, 613 So.2d 157, 161 (La.1993). Louisiana law also imposes a legal presumption that a defendant is sane and competent to proceed. See La. R.S. 15:432. Accordingly, the defendant has the burden of proving by a preponderance of the evidence his incapacity to stand trial. State v. Carmouche, 2001-0405 (La.5/14/02), 872 So.2d 1020, 1041. The issue of a defendant’s mental capacity to proceed shall be determined by the court in a contradictory hearing. La.C.Cr.P. art. 647. The defendant’s mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in | fithe criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed. La.C.Cr.P. art. 647. The issue of present insanity or mental incapacity to proceed may be raised at any stage of the proceedings, even after conviction. State v. Henson, 351 So.2d 1169, 1173 (La.1977). It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subject to trial. The failure to observe procedures adequate to protect a defendant’s right not to be tried or convicted while incompetent to stand trial deprives him of his due process rights as set forth in La.C.Cr.P. arts. 642 and 647. Louisiana’s statutory scheme for detecting mental incapacity jealously guards a defendant’s right to a fair trial. See Nomey, 613 So.2d at 159-61.
Although the trial court conducted a thorough and detailed colloquy with defendant regarding his guilty plea, the trial court was obligated to conduct an eviden-tiary hearing with regard to defendant’s assertion in his motion for new trial that the plea was made involuntarily. Accordingly, we find that the trial court abused its discretion in not conducting an eviden-tiary hearing under these facts and circumstances. See State v. Green, 94-617 (La.App. 3d Cir.12/7/94), 647 So.2d 536, 538-39 and State v. Parker, 581 So.2d 314, 318-19 (La.App. 1st Cir.1991) (if a motion for withdrawal of a guilty plea contains specific allegations that the guilty plea was involuntary, the Boykin colloquy was defective, there was a breach of the plea bargain agreement, or some other specific allegation that the plea is constitutionally infirm, the trial court should vacate the plea or conduct a hearing on the matter). But because the issue of capacity may be clarified on remand, we find it unnecessary to set aside the conviction and sentence. See State v. Snyder, 98-1078, (La.4/14/99), 750 So.2d 832, 855-56.
|7Pefendant has already been evaluated by a psychologist to determine competency, and one report has been made a part of the record. The mental health evaluation attached to defendant’s motion indicates that he has a history of mental illness, that he was born into a family with a significant mental health history, and that prior to the incident for which he was charged, he had been diagnosed with several disorders including bipolar disorder. Accordingly, we remand for a nunc pro tunc hearing on the issue of competency, if a meaningful inquiry into defendant’s competency can still be had. See Snyder, 750 So.2d at 854-55. The trial court is in the best position to determine whether it can make a retrospective determination of defendant’s competency during *633 his Boykin hearing and sentencing. The determination of whether a trial court can hold a meaningful retrospective competency hearing is necessarily decided on a case-by-case basis. The State bears the burden of showing the court that the tools of rational decision are available. Snyder, 750 So.2d at 855.
A “meaningful” determination is possible “where the state of the record, together with such additional evidence as may be relevant and available, permits an accurate assessment of the defendant’s condition at the time of the original ... proceedings.” Additionally, “[w]hen determining whether a meaningful hearing may be held, we look to the existence of contemporaneous medical evidence, the recollections of non-experts who had the opportunity to interact with the defendant during the relevant period, statements by the defendant in the trial transcript, and the existence of medical records. The passage of time is not an insurmountable obstacle if sufficient contemporaneous information is available.” Snyder, 750 So.2d at 855 (quoting Reynolds v. Norris, 86 F.3d 796, 802-03 (8th Cir.1996)).
Because a nunc pro tunc competency hearing may be possible, we remand the case to the trial court for the sole purpose of determining whether such a hearing is now possible and, if so, order it to conduct such an evidentiary hearing. lsIf the trial court concludes defendant was competent, no withdrawal of the guilty plea is required. If the trial court finds a meaningful inquiry cannot be had, or if it determines, after the hearing, that defendant was not competent at the time of his guilty plea, defendant shall be entitled to withdraw his guilty plea. See Snyder, 750 So.2d at 855-56.

DECREE

For these reasons, the conviction and sentence are conditionally affirmed. The case is remanded to the trial court for a determination of whether a meaningful inquiry into defendant’s competence at the time of the guilty plea is now possible and, if so, for an evidentiary hearing and determination on this issue. Accordingly, the matter is thus remanded to the trial court to conduct an evidentiary hearing if possible. Defendant’s right to appeal an adverse ruling is reserved.[3]
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED. REMANDED FOR A DETERMINATION OF WHETHER A MEANINGFUL INQUIRY INTO DEFENDANT’S COMPETENCE AT THE TIME OF GUILTY PLEA IS POSSIBLE AND, IF SO, FOR AN EVIDENTIARY HEARING AND DETERMINATION ON THIS ISSUE.

. Defendant claims he is entitled to a hearing on his motion for new trial despite the holdings in State v. Jenkins 419 So.2d 463, 466 (La.1982) and State v. Odenbaugh, 2010-0268 (La. 12/6/11), 82 So.3d 215, 233, cert. denied, - U.S. -, 133 S.Ct. 410, 184 L.Ed.2d 51 (2012), in which the Louisiana Supreme Court concluded that there was no reasonable basis for questioning a defendant’s competency to stand trial or to assist in his defense. Although defendant correctly points out that Jenkins did not involve a challenge to the propriety of a Boykin hearing, we find nothing about that distinction warrants different treatment. Thus, the motion for new trial in this case is properly considered a motion to *631 withdraw the guilty plea, and we do not reach defendant’s assertion regarding the applicability of Odenbaugh, wherein the defendant was convicted by a jury trial and, therefore, his claim of incompetency was examined in the context of his motion for new trial.

. La.C.Cr.P. art. 559(A) was subsequently amended by 2014 La. Acts No. 85, § 1, and presently provides, "Upon motion of the defendant and after a contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence.”

. See State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832, 855-56 & 863.