# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                    NO. 2021 KW 0741

VERSUS

BENSON HARRISON O'BRIEN, III                          **AUGUST 16, 2021**

---

In Re:    Benson Harrison O'Brien, III, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 521,288.

---

**BEFORE:  McDONALD, LANIER, AND WOLFE, JJ.**

**WRIT DENIED.** A judge is presumed to be impartial. The burden is on the defendant to prove otherwise. **State v. Kitts**, 2017-0777 (La. App. 1st Cir. 5/10/18), 250 So.3d 939, 956-57, writ denied, 2018-00872 (La. 1/28/20), 291 So.3d 1057. The tantamount duty of a judge is to conduct fair and impartial proceedings. If he cannot conduct a fair and impartial proceeding because of bias or prejudice, he cannot hear the case. **Covington v. McNeese State Univ.**, 2010-0250 (La. 4/5/10), 32 So.3d 223, 224 (*per curiam*). This court conditionally affirmed relator's conviction and sentence and remanded this case for a *nunc pro tunc* hearing solely on the issue of competency. However, as noted by this court in the opinion, if the trial court concludes relator was competent, no withdrawal of the guilty plea is required. If the trial court finds a meaningful inquiry cannot be had, or if it determines, after the hearing, that relator was not competent at the time of his guilty plea, relator shall be entitled to withdraw his guilty plea. See **State v. O'Brien**, 2014-0899 (La. App. 1st Cir. 12/23/14), 168 So.3d 627, 632-33. Accordingly, the fact that Judge William H. Burris currently presides over the same division of court that his father, William J. Burris (retired), did does not automatically indicate that he would be unable to conduct the competency hearing in a fair and impartial manner nor should it create a presumption of prejudice or the appearance of impropriety when the record does not show that such exists.

**JMM**
**WIL**
**EW**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT