**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2021 KA 0525

STATE OF LOUISIANA

VERSUS

ALLEN JAMES HARRISON

Judgment rendered____**DEC 2 2 2021**____

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 612593

The Honorable Ellen M. Creel, Judge Presiding

* * * * *

Warren LeDoux Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Attorneys for Appellee
State of Louisiana


Cynthia Kliebert Meyer
Louisiana Appellate Project
New Orleans, Louisiana

Attorney for Defendant/Appellant
Allen James Harrison

* * * * *

**BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**HOLDRIDGE, J.**

The defendant, Allen James Harrison, was charged by bill of information with two counts of molestation of a juvenile, a violation of La. R.S. 14:81.2 (Counts 1 and 2) and one count of oral sexual battery, a violation of La. R.S. 14:43.3 (Count 3).[1] (R. p. 20). The defendant pled not guilty to all counts. Following a plea negotiation, the State deleted the "under the age of thirteen years" language from Count 1. The defendant withdrew his not guilty pleas and, at a hearing on the matter, pled guilty to all three counts. The trial court sentenced the defendant to eight years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.[2] The sentences were ordered to run concurrently. The defendant subsequently filed a motion to withdraw his guilty plea to oral sexual battery based on information that he would be eligible for parole after serving 75% of his sentence for that conviction. Following a hearing on the matter, the trial court denied the motion to withdraw the guilty plea. The defendant now appeals, designating one assignment of error. We affirm the convictions and sentences.

## FACTS

The facts of the instant offenses were not developed because the defendant elected not to go to trial and, instead, to enter guilty pleas.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant contends that because defense counsel did not properly inform him about parole eligibility, his guilty pleas were

---

[1] Count 1 initially alleged molestation of a juvenile victim under the age of thirteen years. Count 2 alleged molestation of a juvenile under the age of seventeen years. Count 3 alleged oral sexual battery upon a victim under the age of fifteen years. It appears it was the same victim in all three counts.

[2] The Honorable William J. Knight heard the guilty plea and sentenced the defendant, but subsequently retired.

not entered into freely and voluntarily. He argues that trial counsel was ineffective for not properly informing him about parole eligibility.

Upon motion of the defendant and after a contradictory hearing, the court may permit a plea of guilty to be withdrawn at any time before sentence. La. C.Cr.P. art. 559(A). A trial court may permit the withdrawal of a guilty plea after sentencing if the court finds that the guilty plea was not entered into knowingly and voluntarily, or if there was an inadequate **Boykin** colloquy advising the defendant of the rights he was waiving by pleading guilty, making the guilty plea constitutionally infirm. See **Boykin v. Alabama**, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); **State v. Lewis**, 421 So.2d 224, 225-26 (La. 1982). See also **State v. Williams**, 2017-0339 (La. App. 1 Cir. 9/15/17), 2017 WL 4082429, *1 (unpublished). A guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. **State v. Maza**, 2011-1430 (La. App. 1 Cir. 3/23/12), 2012 WL 997038, *2 (unpublished). See **State v. Sheppard**, 2018-1412 (La. App. 1 Cir. 6/27/19), 2019 WL 2635678, *2 (unpublished).

A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. **Sheppard**, 2019 WL 2635678 at *2. There is no absolute right to withdraw a previously entered plea of guilty. **State v. Barnes**, 97-2522 (La. App. 1 Cir. 9/25/98), 721 So.2d 923, 925. The withdrawal of a guilty plea is within the discretion of the trial court and is subject to reversal only if that discretion is abused or arbitrarily exercised. See **State v. Johnson**, 406 So.2d 569, 571 (La. 1981). For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against compulsory self-incrimination. See **Boykin**, 395 U.S. at 243, 89 S.Ct. at 1712; **Williams**, 2017 WL 4082429 at *2.

3

In the **Boykin** colloquy, the defendant unconditionally admitted his guilt. The defendant was fully informed of his **Boykin** rights at the time of his pleas. He explicitly confirmed that he understood the sentences he was accepting by pleading guilty, and he indicated that he was satisfied with his attorneys' representation. Moreover, the defendant herein does not raise any issues concerning the advice of his **Boykin** rights. He argues instead that his plea is constitutionally infirm because, based on the incorrect advice of defense counsel, he pled guilty.

One month after pleading guilty and being sentenced, new defense counsel for the defendant filed a motion to withdraw his guilty plea or in the alternative a motion to reconsider sentence. At the hearing on this matter, defense counsel informed the trial court that the defendant was informed by his previous counsel (at the **Boykin** hearing), J. Kevin McNary, that the sentencing agreement was for eight years and that the defendant would be eligible for parole upon completion of 75% of the sentence(s). McNary could not be present at the motion to withdraw hearing, so he provided a letter to the trial court. McNary's letter was submitted into evidence.

In his letter, McNary indicated that, to the best of his recollection, he and co-counsel, Hank Graham, informed the defendant that they had obtained a reduction in the State's sentence bargain from "double digits" to eight years at hard labor. Counsel also indicated to the defendant that he would be eligible for parole after serving 75% of his sentence and that "eligibility" meant review and not automatic parole. The defendant was also told he would not be eligible for diminution of sentence because he was pleading guilty to sex offenses. McNary concluded that his advice was erroneous because he was not aware that the oral sexual battery conviction was without benefit of parole.[3]

---

[3] The sentences for the two molestation of a juvenile convictions did not have parole restriction. See La. R.S. 14:81.2(B)(1).

4

The State noted that its position was set forth in the memorandum it had filed. The State informed the trial court that before he pled guilty, the defendant was advised that the sentence for oral sexual battery was without benefit of parole, probation, or suspension of sentence; the defendant said he understood and pled guilty.[4]

In denying both the motion to withdraw the guilty plea and the motion to reconsider sentence, the trial court stated in pertinent part:

> I've read both of the memoranda and I've reviewed the letter submitted by defense prior counsel. I've also reviewed the transcript.
>
> The transcript very clearly shows to me that Mr. Harrison was informed of his rights, as well as the consequences of his plea, including, but not limited to, the very specific articulation that he would serve one of those counts without benefit of probation, parole or suspension of sentence.
>
> There was a lengthy colloquy between the Court and Mr. Harrison at the time of his plea. And Mr. Harrison was asked immediately after the Court stated that "the time would be without benefit of probation, parole or suspension of sentence for not more than ten years, do you understand?" Mr. Harrison responded, "I do."
>
> So there's no indication, or I don't think you have an allegation, that the defendant's misunderstanding was induced by either the DA or the Court. His unfulfilled expectation that he would get out earlier, or his misunderstanding, is not in itself grounds to withdraw the plea.
>
> Of particular note, in going back through the record, is the fact that Mr. Harrison benefitted, and benefitted rather substantially, from his bargain. In brief, I read a quote that Mr. Harrison submitted about the penalty from 14:43 B, that the sentence was to be not more than 25 years. Actually, the bargain that he cut was far better than that. He was actually originally charged with Oral Sexual Battery with a Juvenile under the age of 13. So rather than carrying a sentence of not more than 25 years without benefit of parole, that crime with which he was originally charged, and was about to go to trial on, would have carried a sentence of 25-to-99 years. At least 25 of which would have had to have been served without benefit of parole.
>
> So while he articulates that 25 year statutory maximum, his actual risk prior to entering that plea was for a 25 year statutory minimum. So instead he, and his attorneys on his behalf, negotiated that down and significantly limited his liability to instead plea to a charge with a 10 year maximum, rather than the 25 year minimum.

---

[4] During the **Boykin** colloquy, the trial court explained the elements of oral sexual battery to the defendant, then stated: "Whoever commits this crime shall be punished, with or without hard labor, without benefit of probation, parole or suspension of sentence, for not more than ten years. Do you understand the elements of the crime and possible penalties?" The defendant replied, "I do." The trial court then asked, "And as to Counts 1, 2 and 3, two counts of molestation of a juvenile and one count of oral sexual battery, victim under 15, how do you plead, sir?" The defendant replied, "I plead guilty."

5

Even with that exposure, he only received 8 years. So he's serving less than one-third of the mandatory minimum for which he was at risk.

Even considering the other charges that he pled to that day, 8 years each, they run concurrent, not consecutively.

Under those circumstances, any acts or omissions of Mr. Harrison's attorneys I don't find to be outside the wide range of professional and competent assistance of counsel. I find that the defendant has failed to overcome the presumption that counsel's conduct falls within the wide range of reasonable professional assistance. And any question he had would have been remedied by the Judge's clear articulation that his time was to be served without benefit of parole, and his clear articulation that he did indeed understand that.

We find no reason to disturb trial court's rulings.[5] The trial court herein noted correctly that the defendant's misunderstanding was not induced by either the State or the trial court. While McNary's advice to the defendant was that he would, in effect, be eligible for parole in six years on an eight-year sentence, there was no guarantee the defendant would have been granted parole. McNary explained to the defendant that *eligibility* simply meant that his situation would be reviewed after serving 75% of his sentence. It is well settled that a misunderstanding between a defendant and counsel for a defendant does not have the same implication as a breached plea bargain agreement, and this misunderstanding does not render the guilty plea invalid. See **State v. Lockwood**, 399 So.2d 190, 193 (La. 1981); **State v. Johnson**, 533 So.2d 1288, 1292 (La. App. 3 Cir. 1988), writ denied, 563 So.2d 873 (La. 1990).

The defendant's sentencing exposure was much greater if he had gone to trial and been found guilty on all counts. While it appears it was the same victim in each count, the bill of information indicates separate acts at separate times. Accordingly, in sentencing the defendant, the trial court could have imposed consecutive rather than concurrent sentences. See La. C.Cr.P. art. 883; **State v.**

---

[5] A claim of ineffectiveness of counsel is generally relegated to post-conviction proceedings. See **State v. Bias**, 2014-1588 (La. App. 1 Cir. 4/24/15), 167 So.3d 1012, 1020-21, writ denied, 2015-1051 (La. 5/13/16), 191 So.3d 1053; **State v. Tingle**, 2012-1928 (La. App. 1 Cir. 6/7/13), 2013 WL 2484316, *6 (unpublished).

**Willie,** 2020-0340 (La. App. 1 Cir. 3/11/21), 2021 WL 925922, *6 (unpublished); **State v. Humphries,** 48,235 (La. App. 2 Cir. 9/25/13), 124 So.3d 1177, 1190-91. Moreover, prior to being amended, Count 1 charged the defendant with molestation of a juvenile under the age of thirteen years. The dates of the offense span four years. For this entire four-year period, except for two days, the victim would have been under the age of thirteen years. As part of the plea agreement, and as the amended bill of information, the **Boykin** colloquy, and the State's written opposition to the motion to withdraw the guilty plea make clear, the "under the age of thirteen years" language was struck, and the State agreed to amend it to "under the age of seventeen." Accordingly, it can be reasonably presumed that had the defendant declined the State's plea offer and gone to trial, the State would have kept the "under the age of thirteen years" language in Count 1.

For each of the second count and third count, the maximum sentencing range is ten years. See La. R.S. 14:81.2(B)(1) & La. R.S. 14:43.3(C)(1). For Count 1, when the victim is under the age of thirteen years, the sentence is imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years, with at least twenty-five years of the sentence to be served without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:81.2(D)(1). Thus, had the defendant gone to trial and, assuming maximum and consecutive sentences, he would have faced a sentencing exposure of 119 years with at least twenty-five years of that sentence served without the benefit of parole. Given instead the eight-year sentence he received, the defendant made what can be considered a highly successful plea bargain. See **State v. Ott,** 2012-111 (La. App. 5 Cir. 10/16/12), 102 So.3d 944, 952.

We cannot say that defense counsel's actions or inactions rendered the plea agreement constitutionally infirm. Nor can we say that but for trial counsel's representation, the defendant, faced with the risk of several guilty verdicts and the

7

possibility of lengthy consecutive sentences, would have maintained his not guilty pleas and gone to trial. <u>See</u> **Tingle**, 2013 WL 2484316 at \*6-7.

Accordingly, we find the defendant's guilty plea was entered into knowingly and voluntarily and that his assignment of error is without merit. For these reasons, the defendant's convictions and sentences are affirmed.

**CONVICTIONS AND SENTENCES AFFIRMED.**