## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2023 KA 1340

## STATE OF LOUISIANA

## VERSUS

## DEJUAN OTTA KELLY, JR.

***DATE OF JUDGMENT:*** DEC 2 7 2024

ON APPEAL FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF TANGIPAHOA, STATE OF LOUISIANA
NUMBER 2000561, DIVISION C

HONORABLE ERIKA W. SLEDGE, JUDGE

\* \* \* \* \* \*

Scott M. Perrilloux
District Attorney
Taylor Anthony
Assistant District Attorney
Amite, Louisiana

Counsel for Appellee
State of Louisiana

Muriel O. Van Horn
Gretna, Louisiana

Counsel for Defendant-Appellant
Dejuan Otta Kelly, Jr.

\* \* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**Disposition: CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.**

**CHUTZ, J.**

The defendant, Dejuan Otta Kelly, Jr., was charged by bill of information with domestic abuse battery, fourth or subsequent offense, a violation of La. R.S. 14:35.3(F), and pled not guilty. After a bench trial, the defendant was found guilty as charged.[1] The trial court sentenced the defendant to thirty years imprisonment, ordering that "at least the first three years" be served without the benefit of probation, parole, or suspension of sentence.[2] The defendant now appeals, raising four assignments of error. For the following reasons, we affirm the conviction and sentence, as amended.

## STATEMENT OF FACTS

On February 29, 2020, the defendant physically attacked Felicia Zanders, whom he was in a relationship and living with at the time. Zanders was several months pregnant with the defendant's child at the time of the offense. Prior to attacking Zanders, the defendant asked her to give him her cell phone. She complied, but he was unable to access the phone since it was locked with a passcode. The defendant became angry, punched Zanders in the face, and began choking her. Zanders screamed for help, telling her son and mother, who were present in the home at the time, to call 911.

## COMPETENCY TO PROCEED WITH SENTENCING

In assignment of error number one, the defendant argues the trial court erred

---

[1] At trial, the State presented evidence of the defendant's three prior convictions for domestic abuse battery in November 2017, June 2018, and May 2019, respectively.

[2] We note the minutes and the commitment order indicate the trial court imposed the sentence at hard labor and the commitment order further indicates the trial court restricted only the benefit of parole for three years. The sentencing transcript, however, shows the trial court did not impose the sentence at hard labor and restricted the benefit of probation, parole, and suspension of sentence for "at least" the first three years of the sentence. In the event of a discrepancy between the transcript and the commitment order and/or minutes, the transcript must prevail. See **State v. Lynch**, 441 So.2d 732, 734 (La. 1983). **State v. Parker**, 2023-0941 (La. App. 1st Cir. 6/27/24), 392 So.3d 652, 655 n.1. These discrepancies will be further addressed in our patent error review discussion.

in denying his motion to appoint a sanity commission, which was filed after his conviction but prior to his sentencing. In assignment of error number two, he contends the trial court erred in finding him competent to proceed with sentencing without counsel or an opportunity to move for a new trial.[3] In assignment of error number three, the defendant argues the trial court erred in determining his sanity without the benefit of a sanity commission or psychiatric reports and maintains a *nunc pro tunc* hearing on the issue of competency is required in this case.

The Fourteenth Amendment's Due Process Clause protects an individual's right not to proceed to trial while legally incompetent. **State v. Abbott**, 2022-0096 (La. App. 1st Cir. 11/4/22), 356 So.3d 423, 429. In Louisiana, "[m]ental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense." La. Code Crim. P. art. 641. The issue of present insanity or mental incapacity to proceed may be raised at any stage of the proceedings, even after conviction. **State v. O'Brien**, 2014-0899 (La. App. 1st Cir. 12/23/14), 168 So.3d 627, 632. When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution until the defendant is found to have the mental capacity to proceed. La. Code Crim. P. art. 642.

In evaluating the legal capacity of the criminally accused, the Louisiana Supreme Court has held that the considerations in determining whether a defendant is fully aware of the nature of the proceedings include: (1) whether he understands

---

[3] At the outset, we note the defendant did not brief or develop an argument in support of assignment of error number two. A mere statement of an assigned error in brief without argument or citation of authority does not constitute briefing. **State v. Jarvis**, 2021-1181 (La. App. 1st Cir. 2/25/22), 340 So.3d 1137, 1141-42. This court may consider as abandoned any assignment of error that has not been briefed. See Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.4(B)(4).

3

the nature of the charge and can appreciate its seriousness; (2) whether he understands what defenses are available; (3) whether he can distinguish a guilty plea from a not guilty plea and understand the consequences of each; (4) whether he has an awareness of his legal rights; and, (5) whether he understands the range of possible verdicts and the consequences of conviction. **State v. Campbell**, 2006-0286 (La. 5/21/08), 983 So.2d 810, 850, cert. denied, 555 U.S. 1040, 129 S.Ct. 607, 172 L.Ed.2d 471 (2008). The Louisiana Supreme Court has also stated that the facts to consider in determining a defendant's ability to assist in his defense include: (1) whether he is able to recall and relate facts pertaining to his actions and whereabouts at certain times; (2) whether he is able to assist counsel in locating and examining relevant witnesses; (3) whether he is able to maintain a consistent defense; (4) whether he is able to listen to the testimony of witnesses and inform his lawyer of any distortions or misstatements; (5) whether he has the ability to make simple decisions in response to well-explained alternatives; (6) whether, if necessary to defense strategy, he is capable of testifying in his own defense; and (7) to what extent, if any, his mental condition is apt to deteriorate under the stress of trial. **Campbell**, 983 So.2d at 850.

A defendant does not have an absolute right to the appointment of a sanity commission. **State ex rel. Seals v. State**, 2000-2738 (La. 10/25/02), 831 So.2d 828, 832. Appointing a sanity commission is neither a perfunctory matter nor a ministerial duty of the trial court. **State v. Bridgewater**, 2000-1529 (La. 1/15/02), 823 So.2d 877, 892, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003). The fact that the defendant's capacity to proceed is called into question does not, for that reason alone, require the trial court to order a mental examination of the defendant; rather, it must have reasonable grounds to doubt the defendant's capacity. **State v. Bell**, 2014-0737 (La. App. 1st Cir. 11/7/14), 2014 WL 5801517, *4 (unpublished), writ denied, 2014-2577 (La. 9/18/15), 178 So.3d

145. See also La. Code Crim. P. art. 643. It is well established that "reasonable grounds" to doubt the defendant's mental capacity to proceed exist where one should reasonably doubt the defendant's capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. **State ex rel. Seals**, 831 So.2d at 832.

Louisiana law also imposes a legal presumption that a defendant is sane and competent to proceed. See La. R.S. 15:432; **State v. Carmouche**, 2001-0405 (La. 5/14/02), 872 So.2d 1020, 1041. Given the presumption of sanity under Louisiana law, the burden lies with the defendant to establish that he lacks the capacity to understand the proceedings against him and that he is unable to assist with his defense in a meaningful way. The appointment of a sanity commission rests in the sound discretion of the trial court. **Bell**, 2014 WL 5801517 at *5.

In this case, the record shows when the defendant appeared for a pre-trial court date on January 6, 2021, he was represented by private counsel, Patrick Dunn. Mr. Dunn remained the defendant's attorney until July 14, 2022, on which date the trial court granted Mr. Dunn's motion to withdraw, engaged in a lengthy colloquy with the defendant regarding the State's motion to revoke bond, appointed the public defender's office to represent the defendant, and continued the trial date. The bench trial took place two months later, on September 12, 2022, at which point the defendant was represented by the public defender's office. The defendant testified on his own behalf, was subjected to cross-examination, and was directly questioned by the trial court before being found guilty.

On his original sentencing date, the defendant was represented by private counsel, Muriel Van Horn, who raised the issue of defendant's competency for the first time.[4] Mrs. Van Horn noted that the defendant had a fifth-grade education, he

---

[4] While Mrs. Van Horn informed the court that a motion to appoint a sanity commission or a motion related to the defendant's competency had been filed on or before the initial sentencing date, we note the record before this court is devoid of such a motion. Further, after the State

did not seem to understand the basic rules of court, and she had been informed by his mother that the defendant had a learning disability. The trial court noted the defendant's previous attorney made no such claim and further noted it had observed the defendant during trial, and although he was "spirited," he seemed to understand the proceedings. The trial court stated it had not seen anything that would warrant a competency issue, but nonetheless continued the sentencing hearing.

Three months later, at the rescheduled sentencing hearing, Mrs. Van Horn failed to timely appear. The State noted Mrs. Van Horn still had not filed a motion for a competency evaluation. The State further noted it was unaware of the basis of Mrs. Van Horn's competency claim and argued the claim was a delay tactic. Reiterating that there had been no filings in the instant case, the trial court noted it would move forward with sentencing, but waited for Mrs. Van Horn to appear via Zoom.

The record indicates Mrs. Van Horn filed motions as to the defendant's competency in a separate, unrelated case rather than in the instant proceedings.[5] When the trial court permitted the defendant to speak, he claimed he had no prior convictions and added, "and on the domestic abuse – the domestic abuse was because I was railroaded, and the judge, they told – the DA told me to plead no contest. And on no contest, I never put my hand on not one of those victims that said it." The defendant continued to argue his innocence and further stated, "we're trying to fight for my rights." The trial court then denied Mrs. Van Horn's verbal request to have a doctor examine the defendant.

---

indicated it had not seen such a motion, defense counsel admitted she had not yet enrolled as the defendant's counsel.

[5] The trial court also noted the motion(s) filed in the defendant's other case did not include service information for physicians and no physicians were served in that case.

On appeal, in arguing the trial court erroneously "ignored" its duty to empanel a sanity commission in this case, the defendant in part relies on this court's opinion in **State v. Jackson**, 2016-1565 (La. App. 1st Cir. 10/12/17), 232 So.3d 628, writ denied, 2017-1944 (La. 5/25/18), 243 So.3d 566. In **Jackson**, prior to trial, the defendant moved for and was granted the appointment of a sanity commission. On appeal, this court noted that while two doctors' reports appeared in the record, there was no indication the trial court held a hearing or made a ruling on the defendant's capacity to proceed prior to trial. **Jackson**, 232 So.3d at 635. This court stated:

> Questions regarding a defendant's capacity must be deemed by the court to be *bona fide* and in good faith before a court will consider if there are "reasonable grounds" to doubt capacity. Where there is a *bona fide* question raised regarding a defendant's capacity, the failure to observe procedures to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.

**Jackson**, 232 So.3d at 635-36.

Therein, this court conditionally affirmed the defendant's convictions, but remanded to the trial court to determine if it was possible to conduct a *nunc pro tunc* hearing to retroactively determine the defendant's competency at the time of the trial. This court noted the defendant was entitled to a new trial if found to have been incompetent at the time of trial, or if the inquiry into competency was found to be impossible. However, as this court further noted, if the trial court found the defendant was competent, no new trial was required. **Jackson**, 232 So.3d at 636.

By comparison, in **State v. Howard**, 2018-0317 (La. App. 1st Cir. 9/21/18), 258 So.3d 66, 77-79, writ denied, 2018-1650 (La. 5/6/19), 269 So.3d 692, this court found no abuse of discretion in the trial court's denial of the defendant's oral motion for continuance and to appoint a sanity commission. Therein, prior to voir dire, the defendant rejected a plea offer, and defense counsel moved for the appointment of a sanity commission. Defense counsel claimed the defendant was

not competent, was not making a rational decision, and was diagnosed with schizophrenia. In denying the motion to appoint a sanity commission, the trial court noted the defendant seemed very lucid and found he understood the proceedings in deciding to reject the plea bargain and proceed to trial. On appeal, given the presumption of sanity and the trial court's opportunity to observe the defendant, this court concluded the defendant failed to demonstrate the trial court abused its discretion in denying the motion for the appointment of a sanity commission. **Howard**, 258 So.3d at 78-79.

Herein, the defendant was represented by private counsel for over a year, followed by the public defender's office, during which time no one raised his competency as an issue. On the original sentencing date, Mrs. Van Horn stated she had filed a motion for a sanity commission, but then admitted she had not yet even enrolled as the defendant's counsel. At the time of the rescheduled sentencing hearing, Mrs. Van Horn still had not filed a written motion for a sanity hearing in this case, but again orally moved for the appointment of a sanity commission. While the defendant argues on appeal that the trial court abused its discretion and "ignored" the request to appoint a sanity commission, he concedes in brief his conduct "may amount to nothing more than his being a belligerent, low IQ individual or perhaps suffering from a minor personality disorder." He further admits, he "may well be competent to stand trial."

We disagree with the defendant's claim that the trial court ignored his request for appointment of a sanity commission. The record reflects the trial court carefully considered defense counsel's argument before finding that an adequate threshold to justify a factual basis for the appointment of a sanity commission had not been met. In denying appointment of a sanity commission, the trial court stated there were no grounds for a competency evaluation. The trial court noted a distinction between having a learning disability and being unable to speak with and

8

assist counsel, and reiterated that the issue had not been previously raised. After denying the request to appoint a sanity commission, the trial court imposed sentence. The trial court reiterated it did not believe a sanity commission was necessary based on prior interactions with the defendant.

The record reflects the trial court observed nothing to indicate the defendant lacked the capacity to proceed. The trial court had the opportunity to observe and engage in a lengthy colloquy with the defendant in response to the State's motion to revoke bond. The trial court further interacted with the defendant at trial, listened as the defendant testified on his own behalf, and directly questioned the defendant regarding his testimony.[6] The record shows the defendant was coherent and comprehensive throughout his court appearances, and his answers to questions were responsive. The defendant's statements throughout the proceedings indicate he understood the proceedings and was able to assist counsel.

We find the instant case analogous to **Howard**, discussed above, and distinguishable from **Jackson**, as we agree with the trial court's determination that the defendant failed to meet the threshold for the court to appoint a sanity commission in this case. The record in the instant matter contains no information indicating the defendant suffered from any mental disease or defect that could have rendered him incompetent to proceed. See **State v. Harris**, 2010-1590 (La. App. 1st Cir. 9/14/11), 2011 WL 4344126, *4 (unpublished). Accordingly, regarding assignment of error number one, we find no abuse of discretion by the trial court in resuming sentencing without appointment of a sanity commission.

---

[6] In addition to being questioned regarding a plea offer, the defendant repeatedly insisted on speaking on his own behalf despite the presence of defense counsel, repeatedly professed his innocence, and rejected the plea offer made by the State. During his testimony, the defendant narrated his version of the facts of the instant offense and prior offenses. We note the trial court further had the opportunity to review the content of several jail calls made by the defendant to the victim, admitted into evidence by the State at trial, during which the defendant made incriminating statements regarding the instant offense.

9

As previously noted, this court considers assignment of error number two abandoned, as it was not briefed by the defendant. Nevertheless, in an abundance of caution, we note the record reflects the trial court waited until defense counsel appeared via Zoom before imposing sentence. In fact, during the sentencing hearing, defense counsel objected to the sentence on the grounds of excessiveness, informed the trial court of the defendant's intent to file an appeal, and objected to the trial court's dismissal of her request for a sanity commission. Thus, despite the defendant's claim to the contrary, defense counsel was present for sentencing. We further note there is nothing in the record indicating the trial court denied the defendant an opportunity to file a motion for new trial; defense counsel conceded she did not file a motion for new trial in this case.[7]

Finally, regarding assignment of error number three, as we find the defendant failed to meet his burden of establishing reasonable grounds for the trial court to believe he was mentally deficient or incompetent, there is no need to nullify the conviction or remand for a *nunc pro tunc* hearing on the issue. See **State ex rel. Seals**, 831 So.2d at 832. Considering the foregoing, we find no merit in assignments of error numbers one, two, and three.

## EXCESSIVE SENTENCE

In assignment of error number four, the defendant argues the trial court abused its discretion in imposing an excessive sentence. He does not assert any mitigating circumstances, conceding he is relegated to a review for constitutional excessiveness. He concludes the sentence should be reduced.

The record reflects the defendant did not file a motion to reconsider sentence. At sentencing, he only objected to the sentence on the grounds of excessiveness. Under La. Code Crim. P. art. 881.1(E), the failure to make or file a

---

[7] We note the defendant did not raise any argument on appeal related to the presence of counsel via Zoom or the lack of an in-court appearance, nor did he assert any ground for a motion for new trial outside of the competency issue found meritless herein.

motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. **State v. Duhon**, 2018-0593 (La. App. 1st Cir. 12/28/18), 270 So.3d 597, 635, writ denied, 2019-0124 (La. 5/28/19), 273 So.3d 315.

However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. **State v. Mims**, 619 So.2d 1059, 1059 (La. 1993) (per curiam); **State v. Grigsby**, 2016-1213 (La. App. 1st Cir. 2/17/17), 2017 WL 658783, *3 (unpublished), writ denied, 2017-0670 (La. 5/18/18), 242 So.3d 572. In light of the defendant's objection only on the grounds of excessiveness, this court is limited to a review of the bare claim of constitutional excessiveness. **State v. Morris**, 99-3075 (La. App. 1st Cir. 11/3/00), 770 So.2d 908, 929, writ denied, 2000-3293 (La. 10/12/01), 799 So.2d 496, cert. denied, 535 U.S. 934, 122 S.Ct. 1311, 152 L.Ed.2d 220 (2002).

The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979). A sentence is constitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. **State v. Honea**, 2018-0018 (La. App. 1st Cir. 12/21/18), 268 So.3d 1117, 1120, writ not considered, 2019-00598 (La. 8/12/19), 279 So.3d 915.

For the instant offense of domestic abuse battery, fourth or subsequent offense, the applicable sentencing range is ten to thirty years imprisonment at hard labor, with the first three years to be served without the benefit of probation, parole, or suspension of sentence, and a mandatory fine of $5000.00. La. R.S. 14:35.3(F)(1). Thus, the trial court imposed the maximum term of imprisonment, thirty years. Prior to the imposition of sentence, the State noted the defendant was convicted of domestic abuse battery for three consecutive years in 2017, 2018, and 2019, for physically attacking female victims and committed the instant offense in February of 2020. When given an opportunity to speak, the defendant showed no remorse and failed to accept any responsibility for his actions. In imposing the sentence, the trial court noted it considered the defendant's criminal record, including a history of violence, the evidence and testimony presented at trial, including the defendant's own testimony, and an unspecified recorded phone call.

In addition to many jail calls admitted at trial, showing the defendant's interaction with the victim after the offense, we note the record also contains a recording made while the defendant was out on bond. As mentioned, the State filed a motion to revoke bond in this case. The motion was based on the defendant's bond being unsecured, his extensive criminal record, and a recording made by the Assistant District Attorney, Taylor Anthony, when he called the defendant's mother, Joyce Milton, who was the surety on the defendant's bond. The recording, played at the bond revocation hearing, began as the defendant apparently took the phone from his mother and began yelling at, cursing, and threatening his mother for taking the call. The defendant repeatedly threatened Mr. Anthony, stating, "I wish I knew where you stayed at."

The record also includes a police report of the Tangipahoa Parish Sheriff's Office, an exhibit attached to the State's motion to revoke bond. Dispatch notes in the report indicate Zanders called the police on March 4, 2022, while the defendant

was out on bond for the instant offense, stating the defendant tried to get in her car when she pulled over and that he threatened to shoot her, though she did not see a gun. In addition to the prior domestic abuse battery cases, the defendant has a lengthy criminal record including prior convictions of theft, simple burglary, simple criminal damage to property, introduction of contraband into a penal institution, and possession of cocaine.

We recognize that the trial court imposed the maximum term of imprisonment in this case, which may be imposed only for the most serious offenses and the worst offenders or when the offender poses an unusual risk to public safety due to his past conduct of repeated criminality. See **Grigsby**, 2017 WL 658783 at *4. It is well established that a defendant's history of repeated criminality is sufficient to demonstrate he is among the worst type of offenders, making him eligible for a maximum sentence. See **Grigsby**, 2017 WL 658783 at *4; **State v. Miller**, 96-2040 (La. App. 1st Cir. 11/7/97), 703 So.2d 698, 701, writ denied, 98-0039 (La. 5/15/98), 719 So.2d 459. The defendant's conduct is particularly egregious in that he repeatedly victimized women in his household and, in the instant case, brutally attacked the victim when she was several months pregnant with his child. We find the sentence is amply supported by the record. The defendant's sentence is not grossly disproportionate to the severity of the offense or shocking to this court's sense of justice. Therefore, the sentence is not constitutionally excessive. Accordingly, assignment of error number four lacks merit.

## PATENT ERROR REVIEW

This court routinely on appeal reviews the record for error patent pursuant to La. Code Crim. P. art. 920. Under La. C. Crim. P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and

13

proceedings, without inspection of the evidence. After a careful review of the record, we have discovered sentencing errors.

As previously noted, while the minutes and commitment order indicate the defendant's sentence was imposed at hard labor, the sentencing transcript reveals the trial court gave no indication the sentence was to be served at hard labor. Thus, the sentence imposed was illegally lenient since La. R.S. 14:35.3(F) requires that a sentence for domestic abuse battery, fourth offense, be served at hard labor. Louisiana Code of Criminal Procedure article 882(A) authorizes an appellate court to correct an illegal sentence on review. Since a sentence at hard labor was the only sentence that could be imposed on the defendant under La. R.S. 14:35.3(F), we find that correction of this aspect of the defendant's illegally lenient sentence does not involve the exercise of sentencing discretion. As such, this court has the authority to simply amend the sentence. Accordingly, we hereby correct the thirty-year sentence imposed by providing that it be served at hard labor. See **State v. Parker**, 2023-0941 (La. App. 1st Cir. 6/27/24), 392 So.3d 652, 662.

Further, in imposing sentence, the trial court stated: "at least the first three years of the sentence shall be without benefit of probation, parole or suspension of sentence." We note the trial court is required to impose a determinate sentence. See La. Code Crim. P. art. 879. The instant sentence gives no basis for determination of when the defendant might be eligible for parole since it fixes no maximum for the number of years to be served without eligibility. See **State v. Trosclair**, 584 So.2d 270, 282 (La. App. 1st Cir.), writ denied, 585 So.2d 575 (La. 1991); see also **State v. Thoman**, 2007-0019 (La. App. 1st Cir. 9/14/07), 2007 WL 2685005, *3 (unpublished), writ denied, 2007-2384 (La. 9/19/08), 992 So.2d 957.

Moreover, the applicable statutory provision, La. R.S. 14:35.3(F)(1), does not include the phrase "at least" and instead unequivocally provides that "[t]he first three years of the sentence of imprisonment shall be imposed without benefit of

14

probation, parole, or suspension of sentence." Thus, while we note the sentence is indeterminate, we also recognize that because no discretion is involved, the indeterminate condition is resolved by the self-activating provisions of La. R.S. 15:301.1(A).[8] See **State v. Dorsey**, 2012-1816 (La. App. 1st Cir. 2/4/14), 137 So.3d 651, 655-56, writ denied, 2014-0378 (La. 9/19/14), 148 So.3d 951, cert. denied, 574 U.S. 1193, 135 S.Ct. 1495, 191 L.Ed.2d 435 (2015). Thus, the defendant's thirty-year sentence is deemed to contain the provision relating to the service of that sentence without benefit of probation, parole, or suspension of sentence for the first three years of the sentence. See La. R.S. 15:301.1(A).

Additionally, we note the trial court failed to impose the mandatory $5000.00 fine provided in La. R.S. 14:35.3(F)(1).[9] Accordingly, the defendant's sentence is illegally lenient on this basis. However, since the sentence is not inherently prejudicial to the defendant, and neither the State nor the defendant has raised this sentencing issue on appeal, we decline to correct this error. **State v. Kimble**, 2023-0176 (La. App. 1st Cir. 9/21/23), 376 So.3d 869, 877.

Finally, as the record reflects, after the trial court imposed the sentence herein, it merely advised the defendant he had "two years to file for post-conviction relief." A defendant generally has two years "after the judgment of conviction and sentence has become final" to seek post-conviction relief. La. Code

---

[8] Louisiana Revised Statutes 15:301.1(A) provides:

> When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.

[9] The trial court would have to hold a financial hardship hearing in compliance with the provisions of La. Code Crim. P. art. 875.1(C), prior to the imposition of such a fine. We note the record does not indicate a financial hardship hearing was held, or that the mandatory fine was

Crim. P. art. 930.8(A). Thus, the trial court failed to adequately advise the defendant of the prescriptive period for seeking post-conviction relief. However, the trial court's failure to properly advise the defendant has no bearing on the sentence and is not grounds to reverse the sentence or remand for resentencing. **State v. LeBoeuf**, 2006-0153 (La. App. 1st Cir. 9/15/06), 943 So.2d 1134, 1142-43, writ denied, 2006-2621 (La. 8/15/07), 961 So.2d 1158.

Out of an abundance of caution and in the interest of judicial economy, we hereby advise the defendant La. Code Crim. P. art. 930.8 generally provides that no application for postconviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. Code Crim. P. arts. 914 or 922. **LeBoeuf**, 943 So.2d at 1143.

For the above reasons, we correct the defendant's thirty-year sentence to provide that it be served at hard labor, with the first three years to be without benefit of probation, parole, or suspension of sentence, and affirm the sentence as amended.

**CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.**

---

waived as the result of a determination that it would cause substantial financial hardship to the defendant or his dependents.